IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC : <br> and : <br> INTELLECTUAL VENTURES II LLC : <br> Plaintiffs, : <br> v. : <br> BANK OF AMERICA, NATIONAL ASSOCIATION, : <br> Defendant. : | CASE NO. 3:13-cv-358 <br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

_____

**FIRST AMENDED COMPLAINT**

Plaintiffs, Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") for their first amended complaint against defendant Bank of America, National Association ("Bank of America N.A.") seeking damages and other relief for patent infringement, allege as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement arising under Title 35 of the United States Code, seeking monetary damages and other relief against defendant Bank of America N.A. ("Bank of America" or "Defendant") due to its infringement of Intellectual Ventures I's rights in U.S. Patent No. 7,664,701 ("the '701 Patent"); United States Patent No. 7,603,382 ("the '382 Patent"); and United States Patent No. 8,083,137 ("the '137 Patent"), and

Intellectual Venture II's rights in U.S. Patent No. 6,182,894 ("the '894 Patent") and United States Patent No. 7,260,587 ("the '587 Patent") (collectively the "Patents-in-Suit").

## PARTIES

2. Plaintiff Intellectual Ventures I is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

3. Plaintiff Intellectual Ventures II is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

4. Upon information and belief, Defendant Bank of America N.A. is a National Banking Association with a principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, North Carolina 28255. Upon information and belief, Defendant Bank of America N.A. is a wholly owned subsidiary of Bank of America Corp.

## JURISDICTION AND VENUE

5. This Court has jurisdiction because this dispute is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general personal jurisdiction over Defendant because it has its headquarters and does substantial and continuous business in this judicial district. This Court has specific jurisdiction over Defendant because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendant has conducted business in this district, has provided services

to its customers within this judicial district, and has committed acts of patent infringement within this district giving rise to this action.

## STATEMENT OF FACTS

8. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the Plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

9. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures enables inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has purchased more than 70,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies which continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

10. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

11. Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4000 inventors worldwide.

12. On February 16, 2010, the '701 Patent, titled "Masking Private Billing Data By Assigning Another Billing Data To Use In Commerce With Businesses," was duly and lawfully issued by the PTO. A copy of the '701 Patent is attached as Exhibit A.

13. On October 13, 2009, the '382 Patent, titled "Advanced Internet Interface Providing User Display Access of Customized Webpages," was duly and lawfully issued by the PTO. A copy of the '382 Patent is attached as Exhibit B.

14. On February 2, 2001, the '894 Patent, titled "Systems And Methods For Authorizing A Transaction Card," was duly and lawfully issued by the PTO. A copy of the '894 Patent is attached as Exhibit C.

15. On December 27, 2011, the '137 Patent, titled "Administration of Financial Accounts," was duly and lawfully issued by the PTO. A copy of the '137 Patent is attached as Exhibit D.

16. On August 21, 2007, the '587 Patent, titled "Method for Organizing Digital Images," was duly and lawfully issued by the PTO. A copy of the '587 Patent is attached as Exhibit E.

17. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '701 Patent, the '382 Patent, and the '137 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

18. Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '894 Patent and the '587 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

19. Bank of America provides online banking services and other systems and services via electronic means including, but not limited to, the website https://bankof america.com. In connection with these online banking services and other systems and services, Bank of America infringes one or more claims of the '701 Patent, the '382 Patent, the '894 Patent, the '137 Patent and the '587 Patent.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,664,701)**

20. Intellectual Ventures I realleges paragraphs 1-20, inclusive, as if fully set forth below.

21. Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 5 of the '701 Patent by making, using, selling, offering to sell and/or importing products or providing services that mask private billing data by assigning other billing data to use in commerce with businesses ("Billing Data functionality"), including but not limited to its Online Bill Payment/Bill Pay Center, Email and Mobile Transfers and Send and Receive Money system/service (the "'701 Accused Products or Services").

22. Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '701 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 5; and (b) receipt of the original complaint in this Action.

23. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 Patent, Bank of America has induced and continues to induce others, including at least users of the '701 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 5 of the '701 Patent (the "'701 Direct Infringers").

24. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 Patent, Bank of America specifically intended to induce the '701 Direct Infringers to use the Billing Data functionality in a manner that directly infringes at least claim 5 of the '701 Patent because, among other things, it instructs users on the use of the '701 Accused Products or Services to obtain Billing Data functionality at least through its website at https://bankofamerica.com.

25. Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '701 Direct Infringers directly infringed and continue to directly infringe at least claim 5 of the '701 Patent at least by using the '701 Accused Products or Services to obtain Billing Data functionality.

26. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 Patent, Bank of America knew or was willfully blind to knowing that the '701 Direct Infringers were using the '701 Accused Products or Services to provide and/or use Billing Data functionality that directly infringes at least claim 5 of the '701 Patent as a result of its inducement of infringement.

27. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 5 of the '701 Patent by selling within the United States the '701 Accused Products or Services.

28. Intellectual Ventures I is informed and believes, and thereon alleges, that the '701 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '701 Patent, are not staple

6

articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to obtain Billing Data functionality via dedicated hardware and software components.

29. Intellectual Ventures I is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '701 Patent, Bank of America knew that the '701 Accused Products or Services are especially made or especially adapted for use in infringement of the '701 Patent.

30. Intellectual Ventures I has suffered damages as a result of Bank of America's infringement of the '701 Patent in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
**(Infringement of U.S. Patent No. 7,603,382)**

31. Intellectual Ventures I realleges paragraphs 1-20, inclusive, as if fully set forth below.

32. Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '382 Patent by making, using, selling, offering to sell and/or importing products or providing services that include an advanced Internet interface for providing webpages in a manner which is tailored to an individual user ("Customizable Webpages"), including but not limited to BankAmeriDeals (the "'382 Accused Products or Services").

33. Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '382 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 1; and (b) receipt of the original complaint in this Action.

34. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Bank of America has induced and continues to induce others, including at least users of the '382 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 1 of the '382 Patent (the "'382 Direct Infringers").

35. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Bank of America specifically intended to induce the '382 Direct Infringers to use Customizable Webpages in a manner that directly infringes at least claim 1 of the '382 Patent because, among other things, it instructs users on the use of Customized Webpages with the '382 Accused Products or Services at least through its website at https://bankofamerica.com.

36. Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '382 Direct Infringers directly infringed and continue to directly infringe at least claim 1 of the '382 Patent at least by using Customizable Webpages in the '382 Accused Products or Services.

37. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Bank of America knew or was willfully blind to knowing that the '382 Direct Infringers were using Customizable Webpages in the '382 Accused Products or Services that directly infringes at least claim 1 of the '382 Patent as a result of its inducement of infringement.

38. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 1 of the '382 Patent by selling within the United States the '382 Accused Products or Services.

39. Intellectual Ventures I is informed and believes, and thereon alleges, that the '382 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '382 Patent, are not staple

articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to provide Customized Webpages.

40. Intellectual Ventures I is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '382 Patent, Bank of America knew that the '382 Accused Products or Services are especially made or especially adapted for use in infringement of the '382 Patent.

41. Intellectual Ventures I has suffered damages as a result of Bank of America's infringement of the '382 Patent in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,182,894)

42. Intellectual Ventures II realleges paragraphs 1-20, inclusive, as if fully set forth below.

43. Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '894 Patent by making, using, selling, offering to sell and/or importing products or providing services that authorize a transaction by using an account code and an identification code that have a predetermined logical relationship ("Transaction Authorization functionality"), including but not limited to its BankAmericard Cash Rewards Credit Card products and services (the "'894 Accused Products or Services").

44. Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '894 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 18; and (b) receipt of the original complaint in this Action.

45. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '894 Patent, Bank of America has induced and continues to induce

9

others, including at least users of the '894 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 18 of the '894 Patent (the "'894 Direct Infringers").

46. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '894 Patent, Bank of America specifically intended to induce the '894 Direct Infringers to use the Transaction Authorization functionality in a manner that directly infringes at least claim 18 of the '894 Patent because, among other things, it instructs users on the use of the '894 Accused Products or Services to provide the Transaction Authorization functionality at least through its website at https://bankofamerica.com.

47. Intellectual Ventures II is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '894 Direct Infringers directly infringed and continue to directly infringe at least claim 18 of the '894 Patent at least by using the '894 Accused Products or Services to provide Transaction Authorization functionality.

48. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '894 Patent, Bank of America knew or was willfully blind to knowing that the '894 Direct Infringers were using the '894 Accused Products or Services to provide Transaction Authorization functionality that directly infringes at least claim 18 of the '894 Patent as a result of its inducement of infringement.

49. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '894 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 18 of the '894 Patent by selling within the United States the '894 Accused Products or Services.

50. Intellectual Ventures II is informed and believes, and thereon alleges, that the '894 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '894 Patent, are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to provide Transaction Authorization functionality.

51. Intellectual Ventures II is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '894 Patent, Bank of America knew that the '894 Accused Products or Services are especially made or especially adapted for use in infringement of the '894 Patent.

52. Intellectual Ventures II has suffered damages as a result of Bank of America's infringement of the '894 Patent in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 8,083,137)**

53. Intellectual Ventures I realleges paragraphs 1-20, inclusive, as if fully set forth below.

54. Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 12 of the '137 Patent by making, using, selling, offering to sell and/or importing products or providing services that cause communication of transaction summary data from a database storing transaction categories and spending limits (the "Visa Information Source Select feature"), including but not limited to Bank of America's Visa Credit Card products/services (the "'137 Accused Products or Services").

55. Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '137 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 12; and (b) receipt of the original complaint in this Action.

56. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 Patent, Bank of America has induced and continues to induce others, including at least users of the '137 Accused Products or Services in this judicial district

11

and elsewhere in the United States, to infringe at least claim 12 of the '137 Patent (the "'137 Direct Infringers").

57. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 Patent, Bank of America specifically intended to induce the '137 Direct Infringers to use the Visa Information Source Select feature in a manner that directly infringes at least claim 12 of the '137 Patent because, among other things, it recommends the use of the Visa Information Source Select feature of the '137 Accused Products or Services at least through its website at www.totalmerrill.com.

58. Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '137 Direct Infringers directly infringed and continue to directly infringe at least claim 12 of the '137 Patent at least by using the Visa Information Source Select feature of the '137 Accused Products or Services.

59. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 Patent, Bank of America knew or was willfully blind to knowing that the '137 Direct Infringers were using the Visa Information Source Select feature of the '137 Accused Products or Services that directly infringes at least claim 12 of the '137 Patent as a result of its inducement of infringement.

60. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 12 of the '137 Patent by making, using, selling, or offering for sale within the United States the '137 Accused Products or Services.

61. Intellectual Ventures I is informed and believes, and thereon alleges, that the '137 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '137 Patent, are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to provide the Visa Information Source Select feature.

62. Intellectual Ventures I is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '137 Patent, Bank of America knew that the '137 Accused Products or Services are especially made or especially adapted for use in infringement of the '137 Patent.

63. Intellectual Ventures I has suffered damages as a result of Bank of America's infringement of the '137 Patent in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,260,587)

64. Intellectual Ventures II realleges paragraphs 1-20, inclusive, as if fully set forth below.

65. Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '587 Patent by making, using, selling, offering to sell and/or importing products or providing services that automatically organize digitally scanned images in accordance with a predetermined criteria ("Image Organization"), including but not limited to its ATM Banking system/service (the "'587 Accused Products or Services").

66. Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '587 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 18; and (b) receipt of the original complaint in this Action.

67. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 Patent, Bank of America has induced and continues to induce others, including at least users of the '587 Accused Products or Services in this judicial district

13

and elsewhere in the United States, to infringe at least claim 18 of the '587 Patent (the "'587 Direct Infringers").

68. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 Patent, Bank of America specifically intended to induce the '587 Direct Infringers to use the Image Organization functionality in a manner that directly infringes at least claim 18 of the '587 Patent because, among other things, it instructs users on the use of the '587 Accused Products or Services on the use of the Image Organization functionality at least through its website at https://bankofamerica.com.

69. Intellectual Ventures II is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '587 Direct Infringers directly infringed and continue to directly infringe at least claim 18 of the '587 Patent at least by using the Image Organization functionality in the '587 Accused Products or Services.

70. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 Patent, Bank of America knew or was willfully blind to knowing that the '587 Direct Infringers were using the Image Organization functionality in the '587 Accused Products or Services that directly infringes at least claim 18 of the '587 Patent as a result of its inducement of infringement.

71. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 18 of the '587 Patent by selling within the United States the '587 Accused Products or Services.

72. Intellectual Ventures II is informed and believes, and thereon alleges, that the '587 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '587 Patent, are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to provide the Image Organization functionality.

73. Intellectual Ventures II is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '587 Patent, Bank of America knew that the '587 Accused Products or Services are especially made or especially adapted for use in infringement of the '587 Patent.

74. Intellectual Ventures II has suffered damages as a result of Bank of America's infringement of the '587 Patent in an amount to be proven at trial.

**WHEREFORE**, the Plaintiffs, Intellectual Ventures I and Intellectual Ventures II, request that judgment be entered in their favor and against the Defendant as follows:

1. On the First Claim for Relief, that Bank of America N.A. has infringed the '701 Patent;

2. On the Second Claim for Relief, that Bank of America N.A. has infringed the '382 Patent;

3. On the Third Claim for Relief, that Bank of America N.A. has infringed the '894 Patent;

4. On the Fourth Claim for Relief, that Bank of America N.A. has infringed the '137 Patent;

5. On the Fifth Claim for Relief, that Bank of America N.A. has infringed the '587 Patent;

6. Intellectual Ventures I be awarded damages adequate to compensate it for Bank of America N.A.'s past infringement and any continuing or future infringement of the '701 Patent, the '382 Patent, and the '137 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures I for Bank of America N.A.'s infringement, an accounting;

7. Intellectual Ventures II be awarded damages adequate to compensate it for Bank of America N.A.'s past infringement and any continuing or future infringement of the '894 Patent and the '587 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures II for Bank of America N.A.'s infringement, an accounting;

8. Awarding Intellectual Ventures I attorneys' fees, costs and expenses incurred in prosecuting this action;

9. Awarding Intellectual Ventures II attorneys' fees, costs and expenses incurred in prosecuting this action; and

10. Awarding Intellectual Ventures I and Intellectual Ventures II such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/J. Daniel Bishop
J. Daniel Bishop (NC Bar No. 17333)
Amy N. Bokor (NC Bar No. 35316)
Erwin, Bishop, Capitano & Moss, P.A.
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Phone: (704) 716-1200
Fax: (704) 716-1201
Email: dbishop@ebcmlaw.com
Email: abokor@ebcmlaw.com


s/J. Daniel Bishop for, by permission
Ian N. Feinberg (Cal. Bar No. 88324)
M. Elizabeth Day (Cal. Bar No. 177125)
Marc C. Belloli (Cal. Bar No. 244290)
(Pro hac vice admission being sought)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618-4364
Fax: (650) 618-4368
Email: ifeinberg@feinday.com

Attorneys for Intellectual Ventures

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

        s/J. Daniel Bishop
        J. Daniel Bishop (NC Bar No. 17333)
        Amy N. Bokor (NC Bar No. 35316
        Erwin, Bishop, Capitano & Moss, P.A.
        4521 Sharon Road, Suite 350
        Charlotte, North Carolina 28211
        Phone:  (704) 716-1200
        Fax:  (704) 716-1201
        Email:  dbishop@ebcmlaw.com
        Email:  abokor@ebcmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2013, I served a copy of the foregoing document on all counsel who have consented to electronic service by filing it electronically and via the Court's CM/ECF system.  I served any other counsel of record not deemed to have consented to electronic service by facsimile on the same date.

        s/J. Daniel Bishop
        J. Daniel Bishop (NC Bar No. 17333)
        Amy N. Bokor (NC Bar No. 35316
        Erwin, Bishop, Capitano & Moss, P.A.
        4521 Sharon Road, Suite 350
        Charlotte, North Carolina 28211
        Phone:  (704) 716-1200
        Fax:  (704) 716-1201
        Email:  dbishop@ebcmlaw.com
        Email:  abokor@ebcmlaw.com