## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

INTELLECTUAL VENTURES I LLC

and

INTELLECTUAL VENTURES II LLC

                              Plaintiffs,

      vs.

BANK OF AMERICA, NATIONAL
ASSOCIATION

                              Defendant.

Civil Action No.  3:13-cv-00358-RJC

BANK OF AMERICA, NATIONAL
ASSOCIATION

                              Counterclaimant,

      vs.

INTELLECTUAL VENTURES I LLC

and

INTELLECTUAL VENTURES II LLC

                              Counterdefendants.

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## IV'S CLAIMS OF INDUCED AND CONTRIBUTORY INFRINGEMENT

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................. 3

     A.     IV Filed Its Amended Complaint In Response To BANA's Motion to Dismiss................................................................................................. 3

     B.     IV Fails To Allege Facts That Support Its Claims Of Induced Infringement......... 4

     C.     IV Alleges No Facts To Support Its Claims Of Contributory Infringement........... 4

III.  ARGUMENT ........................................................................................................ 5

     A.     IV's Induced Infringement Claims Should Be Dismissed.................................... 7

     B.     IV's Contributory Infringement Claims Should Be Dismissed ........................... 10

IV.  CONCLUSION................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................ passim

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................................ passim

*Commil USA, LLC v. Cisco Sys., Inc.*,
  760 F.3d 1361, No. 2012-1042, 2013 WL 3185535 (Fed. Cir. 2013) ...................................8

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) (en banc)...................................................................1, 2, 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011)..........................................................................................................8

*Hand Held Prods., Inc. v. Amazon.com, Inc.*,
  No. 12-cv-768, 2013 WL 507149 (D. Del. Feb. 6, 2013)....................................................10

*HBAC Matchmaker Media, Inc. v. AOL Inc. et al.*,
  Case No. 13-42 (D. Del. Sept. 11, 2013) ...............................................................................7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)........................................................................................8, 10

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
  695 F. Supp. 2d 680 (S.D. Ohio 2010) ................................................................................11

*Iodice v. United States*,
  289 F.3d 270 (4th Cir. 2002) .................................................................................................6

*IpVenture Inc. v. Lenovo Grp. Ltd.*,
  No. 11-cv-588, 2013 WL 126276 (D. Del. Jan. 8, 2013) ...............................................2, 7, 11

*Miller v. Carolinas Healthcare Sys.*,
  No. 3:12-cv-314, 2013 WL 3148605 (W.D.N.C. June 19, 2013)...........................................5

*Palmetto Pharm. LLC v. AstraZeneca Pharm. LP*,
  No. 2:11-CV-00807, 2012 WL 484907 (D.S.C. Jan. 4, 2012) ...............................................6

*Pragmatus AV, LLC v. TangoMe, Inc.*,
  No. 11-cv-1092, 2013 WL 571798 ((D. Del. Feb. 13, 2013) .........................................7, 9, 11

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
  No. 12-cv-92, 2012 WL 2700495 (D. Del. July 5, 2012) ....................................................11

*Ray v. HSBC Bank, N.A.*,
    No. 1:10-CV-175, 2010 WL 5479873 (W.D.N.C. Dec. 9, 2010)............................................11

*Rembrandt Soc. Media, LP v. Facebook, Inc.*,
    No. 1:13-CV-158, 2013 WL 2950342 (E.D. Va. June 12, 2013) ................................................9

*Stephenson v. Game Show Network, LLC*,
    No. 12-cv-614, 2013 WL 1226915 (D. Del. Mar. 27, 2013)....................................................11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)................................................................................................7

*Watkins v. Clerk of Superior Court for Gaston Cnty.*,
    No. 3:12-CV-033, 2012 WL 5872751 (W.D.N.C. July 10, 2012).............................................. 6

*Wright Mfg. Inc. v. Toro Co.*,
    No. MJG-11-1373, 2011 WL 6211172 (D. Md. Dec. 13, 2011) .........................................6, 10

## FEDERAL STATUTES

35 U.S.C. § 271(c) .....................................................................................................................2, 10

## RULES

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1, 6

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Bank of America, National Association ("BANA") respectfully submits this motion to dismiss all of Intellectual Ventures I LLC and Intellectual Ventures II LLC's (collectively, "IV") claims of induced and contributory patent infringement in IV's Amended Complaint.

The parties have met and conferred regarding this motion, and were unable to reach agreement regarding IV's induced and contributory infringement claims.

## I.    INTRODUCTION

On August 19, 2013, BANA moved to dismiss all of IV's claims of induced and contributory patent infringement in its June 12, 2013, complaint.  *See* Dkt. 24.  Conceding that its original complaint failed to state a claim for indirect infringement, IV responded by filing an amended complaint on September 5, 2013, in which it purported to add support for its claims of induced and contributory patent infringement.[1]  *See* Dkt. 33 (Am. Compl.).  But IV's amendments—which add only generic allegations without any specific factual support—confirm that IV cannot state a claim for induced or contributory infringement.  IV's claims should be dismissed for the following reasons.

***First***, to state a claim of induced infringement, a plaintiff must allege ***facts*** showing that the defendant knew that the allegedly induced actions constituted infringement and that the defendant specifically intended to induce infringement.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc) ("[T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement.  Beyond that threshold knowledge, the inducer must have an ***affirmative intent to cause direct infringement***.").[2]  IV utterly fails to meet this standard.  IV simply asserts—without a single supporting fact— that

---

[1] After IV filed an amended complaint, the Court administratively denied BANA's motion to dismiss as moot without prejudice.  *See* Dkt. 34 at 2.
[2] Emphasis is added herein unless noted otherwise.

BANA "specifically intended to induce" infringement of each of the asserted patents and then cites to Bank of America's *entire* website. IV fails to explain how or what aspect of the website allegedly evidences affirmative intent to cause direct infringement. Dkt. 33 (Am. Compl. ¶¶ 24, 35, 46, 57, 68). Courts, including the Supreme Court, have repeatedly found such barebones allegations to be insufficient. *DSU Med. Corp.*, 471 F.3d at 1306.

       *Second*, to state a claim of contributory infringement, a plaintiff must allege *facts* showing that the defendant had knowledge of the asserted patents, that the accused products have "no substantial non-infringing uses," and that the defendant knew that its products were "especially made or especially adapted" to infringe. *See* 35 U.S.C. § 271(c). IV's amended complaint again utterly fails to meet this standard. IV's revised allegations merely parrot the standard for contributory infringement. IV fails to plead any *facts* showing: (1) that the accused systems or services constitute a "material part of the claimed inventions," are not "staple articles of commerce," and have "no substantial non-infringing uses"; or (2) that BANA allegedly knew its systems or services were "especially made or especially adapted" to infringe.

       The pleading rules are designed to ensure that a plaintiff has some basis for its allegations and to put the defendant on reasonable notice of those allegations. IV's boilerplate allegations do neither. IV's inability to plead critical facts to support its allegations—even on its second try—confirm that it cannot state a claim for induced or contributory infringement. BANA respectfully submits that IV's claims of induced and contributory infringement should be dismissed with prejudice. *IpVenture Inc. v. Lenovo Grp. Ltd.*, No. 11-cv-588, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) (dismissing amended induced and contributory infringement claims with prejudice where plaintiff's amended allegations "added almost nothing of substance," making it clear that "[p]laintiff [could not] satisfactorily amend its Complaint").

## II.    FACTUAL BACKGROUND

### A.    IV Filed Its Amended Complaint In Response To BANA's Motion to Dismiss

IV filed its original complaint against BANA and Bank of America Corporation ("BAC") on June 12, 2013.  *See* Dkt. 1 (Compl.).  IV's induced and contributory infringement allegations in its original complaint were nearly word-for-word identical to similar allegations by IV against multiple other defendants in different patent cases.  *Compare, e.g.*, Dkt. 1 (Compl. ¶¶ 23, 24), *with* Ex. 1[3]  (IV Complaint against PNC ¶¶ 22, 23), *and* Ex. 2 (IV Complaint against Capital One ¶¶ 24, 25).  Other than a letter sent the day before, IV provided no prior notice to either BANA or BAC.

On August 19, 2013, BANA and BAC moved to dismiss all of IV's claims of induced and contributory infringement.[4]  *See* Dkt. 24.  Instead of attempting to oppose that motion, IV filed an amended complaint against BANA on September 5, 2013.  *See* Dkt. 33 (Am. Compl.).  The amended complaint alleges that BANA directly infringes, induces infringement, and contributes to infringement of the same five patents asserted in the original complaint:  U.S. Patent Nos. 7,664,701 ("the '701 Patent"); 7,603,382 ("the '382 Patent"); 6,182,894 ("the '894 Patent"); 8,083,137 ("the '137 Patent"); and 7,260,587 ("the '587 Patent") (collectively, the "asserted patents").  Dkt. 33 (Am. Compl. ¶ 19).  The amended complaint purports to add support for IV's allegations of induced and contributory patent infringement, but fails to add any

---

[3]  Herein, "Ex." refers to the exhibits attached to the Declaration of Nina S. Tallon in support of Defendant's Motion to Dismiss.

[4]  BANA and BAC's motion to dismiss also indicated that the parties had reached an agreement that BAC was not a proper defendant in the action because it was merely a holding company and did not conduct any banking business.  Dkt. 24-1 at 1.  On August 28, 2013, IV stipulated to the dismissal of BAC as a defendant, and IV's case against BAC was terminated on August 29, 2013.  Dkt. 32.

substantive additions to the cut-and-pasted allegations set forth in the original complaint. *See, e.g.*, Dkt. 33 (Am. Compl. ¶¶ 24, 26, 28).

### B. IV Fails To Allege Facts That Support Its Claims Of Induced Infringement

IV's amended inducement allegations remain completely devoid of any factual support. IV's revised inducement allegations consist in their entirety of three sentences of boilerplate language parroting the elements of inducement:

> [IV] is informed and believes, and thereon alleges, that at least since it knew of the [patent-in-suit], Bank of America specifically intended to induce the [patent-in-suit's] Direct Infringers to use the [accused functionality] in a manner that directly infringes at least [one claim of the patent-in-suit] because, among other things, it instructs users on the use of the [accused functionality in the accused product or service] at least through its website at https://bankofamerica.com.

> [IV] is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the [patent-in-suit's] Direct Infringers directly infringed and continue to directly infringe at least [one claim of the patent-in-suit] at least by using the [accused functionality in the accused product or service].

> [IV] is informed and believes, and thereon alleges, that at least since it knew of the [patent-in-suit], Bank of America knew or was willfully blind to knowing that the [patent-in-suit's] Direct Infringers were using the [accused functionality in the accused product or service] that directly infringes at least [one claim of the patent-in-suit] as a result of its inducement of infringement.

Dkt. 33 (Am. Compl. ¶¶ 24-26, 35-37, 46-48, 57-58[5], 68-70). IV fails to allege any specific facts in support of its inducement allegations. In particular, IV fails to allege any facts demonstrating (1) what instructions BANA allegedly provides through https://bankofamerica.com that induce infringement, or (2) that BANA knew or specifically intended that the actions it allegedly induced constituted infringement.

### C. IV Alleges No Facts To Support Its Claims Of Contributory Infringement

---

[5] IV's induced infringement allegations with respect to the '137 Patent are slightly different in that IV alleges that BANA "***recommends the use*** of the Visa Information Source Select feature of the '137 Accused Products or Services at least through its website at ***www.totalmerrill.com***." Dkt. 33 (Am. Compl. ¶ 57).

IV's nominal amendments to its contributory infringement allegations—consisting entirely of conclusory statements that the accused products or services "constitute a material part of the claimed invention" and have "no substantial non-infringing use"—also do nothing to cure the deficiencies in IV's allegations of contributory infringement. These allegations consist entirely of the following two sentences that, again, merely parrot the requirements for contributory infringement:

> [IV] is informed and believes, and thereon alleges, that the [accused products or services] constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the [patent-in-suit], are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the [accused products or services] are used to [provide the accused functionality].

> [IV] is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the [patent-in-suit], Bank of America knew that the [accused products or services] are especially made or especially adapted for use in infringement of the [patent-in-suit].

Dkt. 33 (Am. Compl. ¶¶ 28-29, 39-40, 50-51, 61-62, 72-73). IV again fails to allege any supporting facts. Specifically, it fails to allege facts showing: (1) that a particular BANA product or system constitutes a material part of the claimed invention, is not a staple article of commerce, and has no substantial non-infringing use; or (2) that BANA allegedly knew that its products or systems were especially made or especially adapted to infringe.

## III.     ARGUMENT

To state a claim, a plaintiff must allege and provide ***factual support for each element*** of its asserted claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim); *see also Miller v. Carolinas Healthcare Sys.*, No. 3:12-cv-314, 2013 WL 3148605, at *4 (W.D.N.C. June 19, 2013) ("Dismissal of a

complaint for failure to state facts supporting each element of a claim is, of course, proper." (quoting *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

The Supreme Court has explained that the purpose of this pleading standard is two-fold: (1) to show that the plaintiff has some basis for its allegations; and (2) to put the defendant on notice of what facts and actions are at issue in the case. *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555 (the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

Under *Iqbal* and *Twombly*, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a complaint "contains only conclusory statements" of wrongdoing, with "no facts alleged that create the 'reasonable inference that defendant is liable for the misconduct alleged,'" the claim must be dismissed. *Watkins v. Clerk of Superior Court for Gaston Cnty.*, No. 3:12-CV-033, 2012 WL 5872751, at *7 (W.D.N.C. July 10, 2012) (quoting *Iqbal*, 556 U.S. at 678), *adopted by* 2012 WL 5872750 (W.D.N.C. Nov. 20, 2012).

Applying the *Iqbal* and *Twombly* standard, courts have routinely dismissed induced and contributory infringement claims where the allegations in the complaint are devoid of factual support. *See, e.g.*, *Palmetto Pharm. LLC v. AstraZeneca Pharm. LP*, No. 2:11-CV-00807, 2012 WL 484907, at *7 (D.S.C. Jan. 4, 2012), *adopted by* 2012 WL 484848 (D.S.C. Feb. 14, 2012) ("Plaintiff has failed to state a plausible claim for relief based on contributory infringement."); *Wright Mfg. Inc. v. Toro Co.*, No. MJG-11-1373, 2011 WL 6211172, at *4 (D. Md. Dec. 13,

2011) (dismissing claims of induced and contributory infringement); *see also, e.g.*, *Pragmatus AV, LLC v. TangoMe, Inc.*, No. 11-cv-1092, 2013 WL 571798, at *12-13 (D. Del. Feb. 13, 2013) (same). [6]

IV's inability to plead critical facts in support of its claims of induced and contributory infringement—**even on its second try**—confirms that it has none.  IV's amended claims of indirect infringement should therefore be dismissed with prejudice.  *IpVenture*, 2013 WL 126276, at *3 (dismissing amended induced and contributory infringement claims with prejudice).

### A.    IV's Induced Infringement Claims Should Be Dismissed

Induced infringement requires four specific elements: (i) that the defendant knew of the asserted patents; (ii) that the defendant knew that the induced actions constituted infringement of the patents-in-suit by a third party; (iii) that the defendant specifically intended to encourage this third-party infringement; and (iv) that, as a result, a third party directly infringed the patents-in-suit.  *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (inducement requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent"); *DSU Med. Corp.*, 471 F.3d at 1306 ("[T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement.  Beyond that threshold

---

[6]  Moreover, courts are increasingly taking additional steps to curb litigation brought by patent assertion entities like IV.  *See* Ex. 3 at 10:17-11:4 (*HBAC Matchmaker Media, Inc. v. AOL Inc. et al.*, Case No. 13-427 (D. Del. Sept. 11, 2013) (Robinson, J.) (Hearing Transcript) ("I am confident that it would have been appropriate for any plaintiff, before they bring a suit like this, to go through an exercise where they read the patents, interpret the patents, and apply their interpretation against the products and the information they know about the products …. I am going to require plaintiffs to provide me with their work product with respect to at least one claim per patent that include, and the claims have to include the limitation identified by the defendants.  I need to have some confidence that the exercise that plaintiff should have undertaken was, in fact, undertaken.")).

knowledge, the inducer must have an ***affirmative intent to cause direct infringement***."); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) (holding that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement").

To state a claim for induced infringement under *Iqbal* and *Twombly*, a plaintiff must therefore set forth facts showing that the defendant had ***specific intent*** to encourage some third party to infringe the patent. Moreover, the plaintiff must specifically allege facts to support its contention that the defendant not only knew of the patent-in-suit, but also ***knew that the induced actions would constitute infringement***. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("To survive [a] motion to dismiss [an induced infringement claim], . . . complaints must contain facts plausibly showing that [the alleged infringer] ***specifically intended*** their customers to infringe the [asserted] patent and ***knew that the customer's acts constituted infringement***."). IV utterly fails to meet this standard.

***First***, IV fails to allege a single fact in support of its assertion that BANA knew or was willfully blind to knowing that its alleged conduct would induce others to infringe. *See, e.g.*, Dkt. 33 (Am. Compl. ¶ 26). IV has not identified any specific acts that allegedly induced infringement let alone any facts demonstrating that BANA knew of the allegedly induced infringement by others. *See Global-Tech*, 131 S. Ct. at 2068; *see also Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367 (Fed. Cir. 2013) (en banc) ("[I]nducement requires both knowledge of the existence of the patent and knowledge that the induced acts constitute patent infringement." (quotation marks omitted)). IV alleges that BANA received written notice of IV's allegations of infringement through a letter that was dated just one day prior to IV filing the original complaint in this case. Such purported "notice" of infringement is insufficient to

establish that BANA knew or was willfully blind to knowing that its alleged conduct would induce others to infringe prior to the filing of the complaint. *See TangoMe, Inc.*, 2013 WL 571798, at *12 ("[The complaint] does not allege any facts regarding ***the substance of [the] notice***. The Court is left to speculate as to what it was about that notice that could have plausibly provided [defendant] with the requisite knowledge of its users' infringement."); *see also Rembrandt Soc. Media, LP v. Facebook, Inc.*, No. 1:13-CV-158, 2013 WL 2950342, at *4-5 (E.D. Va. June 12, 2013) (dismissing claims of pre-suit indirect infringement where the patentee "failed to plead any facts that make it plausible, rather than merely conceivable, that [the defendant] had knowledge of either patent in issue prior to the filing of [the] suit").

*Second*, IV fails to plead any facts demonstrating that BANA had the required specific intent to induce infringement. IV merely alleges that "Bank of America specifically intended to induce [direct infringement] because, among other things, it instructs users on the use of the [accused functionality in the accused product or service] at least through its website at https://bankofamerica.com." *See, e.g.*, Dkt.33 (Am. Compl. ¶ 24). The website "https://bankofamerica.com" is the homepage for the ***entire*** website for Bank of America. IV fails to identify how or why the website allegedly instructs users to infringe or how or why the website shows that BANA had the required ***affirmative intent*** to cause direct infringement.[7] All that IV's allegations show is the entirely unremarkable fact that BANA advertises its own products to customers. IV's barebones allegations are thus plainly insufficient to state a claim of induced infringement and its claims should be dismissed with prejudice. *See Iqbal*, 556 U.S. at

---

[7] IV's allegation that BANA induces infringement of the '137 Patent because it "recommends the use" of the accused Visa Information Source Select feature through its website "www.totalmerrill.com" is equally deficient. *See* Dkt. 33 (Am. Compl. ¶ 57). Nothing on the face of the "www.totalmerrill.com" website "recommends" or even mentions the Visa Information Source Select feature. Even if it did, BANA's advertisement of its products does not even suggest that BANA had a specific intent to infringe one of IV's asserted patents.

683 (dismissing complaint that "does not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind"); *Wright Mfg.*, 2011 WL 6211172, at *3 (*Iqbal* and *Twombly* "require[] the plaintiff to include **factual allegations** sufficient to create a plausible claim of intent and knowledge").

**B.    IV's Contributory Infringement Claims Should Be Dismissed**

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has **no substantial non-infringing uses**, and is known by the party 'to be **especially made or especially adapted** for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). Thus, "[t]o state a claim for contributory infringement . . . a plaintiff must, among other things, plead **facts** that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.* Moreover, a plaintiff must plead facts to show that the defendant **knew** that the product it offered was "especially made or especially adapted" for infringement. *See Hand Held Prods., Inc. v. Amazon.com, Inc.*, No. 12-cv-768, 2013 WL 507149, at *3 (D. Del. Feb. 6, 2013) ("A plaintiff, therefore, must aver an alleged infringer . . . knew of the patented invention [and] knew the part was made for, or adapted to use, in a patented invention."). IV's conclusory allegations of contributory infringement are insufficient, merely parroting the legal requirements of a contributory infringement claim without any factual underpinnings whatsoever. *See Wright Mfg.*, 2011 WL 6211172 at *4.

*First*, IV has not asserted a single fact to support its blanket contention that the accused systems and services "constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the [patent-in-suit], are not staple articles of commerce, and have no substantial non-infringing use." *See, e.g.*, Dkt.33 (Am. Compl. ¶ 28).

IV does not allege how the accused products and services are a material part of the claimed invention or what specific characteristics of the accused products and services render them especially made or especially adapted for infringement and unsuitable for substantial non-infringing use. *See Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-cv-92, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) ("The allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts.").

**Second**, IV does not plead any facts to support the allegation that BANA **knew** that a component it supplied was "especially made or especially adapted" for infringement. *See, e.g.*, Dkt.33 (Am. Compl. ¶ 28); *see also In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 688 (S.D. Ohio 2010) (dismissing contributory infringement claim where plaintiff failed to allege facts showing that defendant "knew its product was especially designed for use to infringe"); *Stephenson v. Game Show Network, LLC*, No. 12-cv-614, 2013 WL 1226915, at *7 (D. Del. Mar. 27, 2013) (same). This is not surprising given the facts that, even according to IV's complaint, IV only informed BANA of the asserted patents the day before it filed suit and IV itself is unable to identify which aspect of each accused product or service is especially made or adapted to infringe. *See TangoMe, Inc.*, 2013 WL 571798, at *13 ("The mere allegation that [the accused] services and products may be used to infringe is not sufficient to allow a reasonable inference that, *inter alia*, these services and products have *no* substantial noninfringing uses." (emphasis in original)).

IV's allegations are thus plainly insufficient, even on its second try, and its contributory infringement claims should be dismissed with prejudice. *See Ray v. HSBC Bank, N.A.*, No. 1:10-CV-175, 2010 WL 5479873, at *8 (W.D.N.C. Dec. 9, 2010), *adopted by* 2011 WL 9190

(W.D.N.C. Jan. 3, 2011) (recommending dismissal of plaintiff's amended complaint with prejudice "inasmuch as the Amended Complaint added and clarified nothing"); *see also IpVenture*, 2013 WL 126276, at *3 (dismissing amended induced and contributory infringement claims with prejudice).

## IV.    CONCLUSION

IV's cut-and-pasted infringement allegations do not come close to meeting the pleading standards set forth by the Supreme Court in *Iqbal* and *Twombly*.  IV fails to plead sufficient facts to support its allegation that BANA induced or contributed to infringement of any of the asserted patents.  BANA respectfully requests that the Court dismiss IV's claims of induced and contributory infringement with prejudice.

12

Dated September 23, 2013            By:    */s/ Nina S. Tallon*
                                          Amanda L. Groves
                                          agroves@winston.com
                                          Stacie C. Knight
                                          sknight@winston.com
                                          WINSTON & STRAWN LLP
                                          100 N. Tryon Street, Suite 2900
                                          Charlotte, NC 28202
                                          (704) 350-7700

                                          William F. Lee, *pro hac vice*
                                          william.lee@wilmerhale.com
                                          Michael J. Summersgill, *pro hac vice*
                                          michael.summersgill@wilmerhale.com
                                          Donald R. Steinberg, *pro hac vice*
                                          donald.steinberg@wilmerhale.com
                                          WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                          60 State Street
                                          Boston, MA 02109
                                          (617) 526-6000

                                          Nina S. Tallon, *pro hac vice*
                                          nina.tallon@wilmerhale.com
                                          WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                          1875 Pennsylvania Avenue NW
                                          Washington, DC 20006
                                          (202) 663-6000

                                          Arthur W. Coviello, *pro hac vice*
                                          arthur.coviello@wilmerhale.com
                                          WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                          950 Page Mill Road
                                          Palo Alto, CA 94304
                                          (650) 858-6000

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on September 23, 2013.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Pursuant to Fed. R. Civ. P. 5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile on this same date.


 */s/ Nina S. Tallon*
Nina S. Tallon