UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC<br><br>and<br><br>INTELLECTUAL VENTURES II LLC<br><br>      Plaintiffs,<br><br> vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION<br><br>      Defendant.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION<br><br>      Counterclaimant,<br><br> vs.<br><br>INTELLECTUAL VENTURES I LLC<br><br>and<br><br>INTELLECTUAL VENTURES II LLC<br><br>      Counterdefendants. | Civil Action No. 3:13-cv-00358-RJC<br><br>Jury Trial Demanded |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
IV'S CLAIMS OF INDUCED AND CONTRIBUTORY INFRINGEMENT**

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| **I.** | **INTRODUCTION** ................................................................................................ | 1 |
| **II.** | **IV'S INDUCED INFRINGEMENT CLAIMS SHOULD BE DISMISSED** ..................................... | 3 |
| **III.** | **IV'S CONTRIBUTORY INFRINGEMENT CLAIMS SHOULD BE DISMISSED** ......................... | 6 |
| **IV.** | **CONCLUSION** .................................................................................................. | 7 |

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................1, 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................3

*Commil USA, LLC v. Cisco Sys., Inc.*,
    720 F.3d 1361, No. 2012-1042, 2013 WL 3185535 (Fed. Cir. 2013) ...........................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011)....................................................................................................1

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)............................................................................. passim

*IpVenture Inc. v. Lenovo Grp. Ltd.*,
    No. 11-cv-588, 2013 WL 126276 (D. Del. Jan. 8, 2013) .........................................3, 7

*Kyocera Wireless Corp. v. ITC*,
    545 F.3d 1340 (Fed. Cir. 2008).......................................................................................4

*Medtrica Solutions, Ltd. v. Cygnus Med., LLC*,
    No. 12-cv-538, 2012 WL 5726799 (W.D. Wash. Nov. 15, 2012)..................................4

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
    No. 12-CV-1067, 2013 WL 444642 (S.D. Cal. Feb. 5, 2013) ........................................5

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
    No. 12-cv-92, 2012 WL 2700495 (D. Del. July 5, 2012).........................................5, 7

*Ray v. HSBC Bank, N.A.*,
    No. 10-CV-175, 2010 WL 5479873 (W.D.N.C. Dec. 9, 2010).................................3, 7

**FEDERAL STATUTES**

35 U.S.C. § 271(c) ................................................................................................................6

**I.      INTRODUCTION**

The Supreme Court has made clear that, to overcome a motion to dismiss, a plaintiff must show that its complaint includes ***factual allegations*** to support each element of its claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). IV's indirect infringement claims utterly fail to meet this standard, and IV's opposition to BANA's motion to dismiss ignores this critical absence of factual allegations to support its claims.

***First***, IV's opposition brief does not even attempt to identify factual allegations supporting its induced and contributory infringement allegations for four of the five asserted patents. In particular, IV does not address its induced and contributory infringement allegations for U.S. Patent Nos. 7,603,382 ("the '382 Patent"), 8,083,137 ("the '137 Patent"), 6,182,894 ("the '894 Patent"), and 7,260,587 ("the '587 Patent"). In fact, these patents are not mentioned ***anywhere*** in IV's opposition brief. BANA's motion as to these four patents is effectively unopposed should be granted accordingly.[1]

***Second***, IV continues to misstate the standard for the intent element of induced infringement. IV argues that the intent element "may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringements.'" IV Br. at 3 (Dkt. 39) (emphasis in original). The Supreme Court, however, has specifically rejected a "should have known" standard for induced infringement and has held that the intent element requires "knowledge" or "willful blindness" that "the induced acts constitute patent infringement." *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

---

[1] IV also appears to concede that it has not pleaded any factual allegations to support a claim of induced or contributory infringement that pre-dates the filing of the Complaint. *See* IV Br. at 6 (asserting that BANA committed "inducing acts since BANA received the original complaint"); *id.* at 7 (arguing that contributory infringement liability arose when BANA received notice of the complaint).

1

BANA first noted IV's error in its memorandum in support of its motion to dismiss IV's original complaint.  *See* Dkt. 24-1 at 7-8.  IV continues to argue the incorrect standard to this Court.

**_Third_**, IV fails to allege any facts showing that BANA specifically intended to encourage its customers to use the accused products in an infringing manner and therefore induced infringement.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("[A] complaint[] must contain *facts* plausibly showing that [the alleged infringer] *specifically intended* their customers to infringe the [asserted] patent and *knew that the customer's acts constituted infringement*.").[2]  Instead, IV asserts that the intent element is met because BANA's website "instructs users to use its products 'in a manner it knows to be infringing.'"  IV Br. at 4.  This argument—like IV's Amended Complaint—is completely conclusory.  IV fails to provide any **allegation of fact** to support IV's **conclusion** that BANA's customers are using the accused products "in a manner it knows to be infringing."  Moreover, IV fails to identify any instruction anywhere on BANA's website that allegedly encourages BANA's customers to use the accused products in an infringing manner.

**_Fourth_**, IV's contributory infringement claims should be dismissed because IV has failed to plead any **facts** showing: (1) that the accused systems or services constitute a "material part of the claimed inventions," are not "staple articles of commerce," and have "no substantial non-infringing uses"; or (2) that BANA allegedly knew its systems or services were "especially made or especially adapted" to infringe.  Instead, IV simply recites that BANA meets the elements of contributory infringement and argues, without citation, "[t]hat is all that is required to plead liability for contributory infringement."  IV Br. at 1.  To the contrary, the Supreme Court has stated unequivocally that the mere recitation of the elements of a claim is not enough to survive a

---

[2] Emphasis is added herein unless noted otherwise.

motion to dismiss.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim).

IV has now twice tried but failed to plead legally sufficient claims of induced and contributory infringement under the pleading standards set forth by the Supreme Court in *Iqbal* and *Twombly*.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.  BANA respectfully requests that IV's induced and contributory infringement claims be dismissed with prejudice. *See IpVenture Inc. v. Lenovo Grp. Ltd.*, No. 11-cv-588, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) (dismissing amended induced and contributory infringement claims with prejudice where plaintiff's amended allegations "added almost nothing of substance," making it clear that "[p]laintiff [could not] satisfactorily amend its Complaint"); *see also Ray v. HSBC Bank, N.A.*, No. 10-cv-175, 2010 WL 5479873, at *8 (W.D.N.C. Dec. 9, 2010), *adopted by* 2011 WL 9190 (W.D.N.C. Jan. 3, 2011) (recommending dismissal of plaintiff's amended complaint with prejudice "inasmuch as the Amended Complaint added and clarified nothing").

## II. IV'S INDUCED INFRINGEMENT CLAIMS SHOULD BE DISMISSED

A plaintiff alleging induced infringement must specifically allege facts to support its contention that the defendant not only knew of the patent-in-suit, but also **_knew that the induced actions would constitute infringement_**.  *See In re Bill of Lading*, 681 F.3d at 1339 ("To survive [a] motion to dismiss [an induced infringement claim], . . . complaints must contain facts plausibly showing that [the alleged infringer] *specifically intended* their customers to infringe the [asserted] patent and *knew that the customer's acts constituted infringement*."); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367 (Fed. Cir. 2013) ("[I]nducement requires *both* knowledge of the existence of the patent and knowledge that the induced acts constitute patent infringement." (internal quotation marks omitted)).

IV has not alleged any facts showing that BANA intended that its customers infringe any of the asserted patents. IV's only argument that BANA satisfies the intent requirement for inducement is that BANA advertises the accused products on its website at "https//bankofamerica.com." *See* IV Br. at 6. But IV's Amended Complaint does not identify anything on BANA's website that shows that BANA has ever intended that its customers use the accused products ***in an infringing manner***. Dkt. 33 (Amended Compl. ¶¶ 24-26, 35-37, 46-48, 57-59, 68-70). In fact, the Amended Complaint does not cite anything at all on BANA's website. IV's bare allegation that BANA advertises its products fails to show that BANA "knew that [its] customer's acts constituted infringement" and therefore cannot support the knowledge or specific intent requirements for inducement. *See In re Bill of Lading*, 681 F.3d at 1339. Knowledge that a product is being used by a customer is not the same as knowledge that the customer is using the product in an infringing manner. *See id.*; *see also Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) ("Proof of intent to cause infringing acts is a necessary but not sufficient condition for induced infringement. Inducement additionally requires 'evidence of culpable conduct, directed to encouraging another's infringement,' i.e., specific intent to encourage infringement.").

The cases IV cites do not support its argument. *See* IV Br. at 4-6. In those cases, the court concluded that the plaintiff had provided sufficient factual allegations to infer knowledge and specific intent that customers use the accused products in an infringing manner. In *Medrica Solutions*, for example, the court inferred specific intent "from the allegations regarding Medtrica's website and marketing materials, as well as the instructions for using the Appli–Kit." *See Medtrica Solutions, Ltd. v. Cygnus Med., LLC*, No. 12-cv-538, 2012 WL 5726799, at *2

(W.D. Wash. Nov. 15, 2012); *see also* Ex.[3] 1 (Cygnus Counterclaim at ¶ 3) (alleging that defendants encouraged their customers to use the products in an infringing manner based on specific marketing materials and product photographs, which were attached to the complaint as exhibits).

Likewise, in *Pacing*, the court found that the plaintiff had sufficiently pleaded the intent requirement because it provided specific factual allegations that the defendant "encourages its customers to use its products in an infringing manner" through, among other things, "quick start manuals, video tutorials videos, and answers to frequently asked questions." *See Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067, 2013 WL 444642, at *3 (S.D. Cal. Feb. 5, 2013); *see also* Ex. 2 (Garmin Complaint at ¶ 39) (alleging that defendants encouraged their customers to use the accused products in an infringing manner "via quick start manuals, which are packaged with Defendants' products, as well as via Defendants' website, which provides detailed owner's manuals (https://support.garmin.com/support/manuals/searchManuals.htm), answers to frequently asked questions (http://connect.garmin.com/help/faq), and tutorial videos (http://www8.garmin.com/learningcenter).").

In stark contrast to the specific factual allegations in these cases, IV has broadly cited the entire Bank of America website without providing any factual allegations that BANA encourages its customers to use the accused products in an infringing manner. *See Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-cv-92, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) ("No facts, however, are alleged from which one could infer that the [specific intent] allegation is plausible.").

---

[3] "Ex." refers to the exhibits attached to the Second Declaration of Nina S. Tallon in Support of Defendant's Motion to Dismiss IV's Claims of Induced And Contributory Infringement.

IV has thus failed twice to plead any factual allegations that support its claims of induced infringement, and the claims should therefore be dismissed with prejudice.

## III. IV'S CONTRIBUTORY INFRINGEMENT CLAIMS SHOULD BE DISMISSED

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)).

IV's opposition only confirms that it has failed to allege any facts to support its contributory infringement claim. Instead of pleading facts, IV merely asserts that all of the requirements of contributory infringement of the '701 patent are met "to the extent that the Accused Products or Services are used to obtain Billing Data functionality via dedicated hardware and software components." IV Br. at 6-7. IV does not explain what it means by "dedicated hardware and software components." IV also fails to identify any "dedicated hardware and software components" in the accused products that allegedly infringe. And IV fails to allege any facts to show that these unspecified "dedicated hardware and software components" are "material to practicing the invention" and have "no substantial non-infringing uses," as required for contributory infringement. *See In re Bill of Lading*, 681 F.3d at 1338 (affirming dismissal of contributory infringement allegations where "they say nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'"); *Pragmatus Telecom*, 2012 WL 2700495, at *1 ("The allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts.").

Nor does IV make any separate argument that it has alleged facts to support the required knowledge for contributory infringement. IV instead relies entirely on the arguments it made for the knowledge element of induced infringement. *See* IV Br. at 7 ("For the same reasons IV adequately pled knowledge for its inducement claims, IV also adequately pled knowledge for its contributory infringement claim…"). Thus, for the same reasons set forth above regarding IV's deficient inducement arguments, IV has also failed to allege facts to support the knowledge element of contributory infringement.

Accordingly, IV's contributory infringement claims should be dismissed with prejudice.

## IV. CONCLUSION

IV has twice failed to plead sufficient facts to support its claims that BANA induced or contributed to infringement of any of the asserted patents. IV's Amended Complaint added no substantive allegations of fact to support its indirect infringement claims. These repeated failures to provide adequate pleadings demonstrate that IV cannot satisfactorily amend its complaint. *See IpVenture*, 2013 WL 126276, at *3 (dismissing induced and contributory infringement claims with prejudice where plaintiff's failure to substantively amend its allegations showed that the plaintiff could not "satisfactorily amend its Complaint"); *Ray*, 2010 WL 5479873, at *8 (recommending dismissal of plaintiff's amended complaint with prejudice "inasmuch as the Amended Complaint added and clarified nothing").

BANA therefore respectfully requests that IV's induced and contributory infringement claims be dismissed with prejudice.

Dated October 21, 2013                By:   */s/ Nina S. Tallon*
                                            Amanda L. Groves
                                            agroves@winston.com
                                            Stacie C. Knight
                                            sknight@winston.com
                                            WINSTON & STRAWN LLP
                                            100 N. Tryon Street, Suite 2900
                                            Charlotte, NC 28202
                                            (704) 350-7700

                                            William F. Lee, *pro hac vice*
                                            william.lee@wilmerhale.com
                                            Michael J. Summersgill, *pro hac vice*
                                            michael.summersgill@wilmerhale.com
                                            Donald R. Steinberg, *pro hac vice*
                                            donald.steinberg@wilmerhale.com
                                            WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
                                            60 State Street
                                            Boston, MA 02109
                                            (617) 526-6000

                                            Nina S. Tallon, *pro hac vice*
                                            nina.tallon@wilmerhale.com
                                            WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
                                            1875 Pennsylvania Avenue NW
                                            Washington, DC 20006
                                            (202) 663-6000

                                            Arthur W. Coviello, *pro hac vice*
                                            arthur.coviello@wilmerhale.com
                                            WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
                                            950 Page Mill Road
                                            Palo Alto, CA 94304
                                            (650) 858-6000

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on October 21, 2013. As such, this document was served on all counsel who are deemed to have consented to electronic service. Pursuant to Fed. R. Civ. P. 5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile on this same date.

/s/ Nina S. Tallon
Nina S. Tallon