IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-cv-00358-RJC-DSC

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, et. al., | )<br>)<br>)<br>) |
| Plaintiffs, | ) **MEMORANDUM AND RECOMMENDATION**<br>)<br>) |
| v. | )<br>) |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss … Claims of Induced and Contributory Infringement" (document #36), as well as the parties' briefs and exhibits. See documents ##36-1 through 36-5, 39 and 49.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion to Dismiss be granted, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This is a patent infringement action. The Amended Complaint alleges that Defendant directly infringes, induces infringement, and contributes to infringement of five of Plaintiffs' patents: U.S. Patent Nos. 7,664,701 ("the '701 Patent"); 7,603,382 ("the '382 Patent"); 6,182,894 ("the '894 Patent"); 8,083,137 ("the '137 Patent"); and 7,260,587 ("the '587 Patent")

(collectively, the "asserted patents"). Document #33 at ¶ 19.[1]

> As to their induced infringement claims, Plaintiffs allege:
>
> [Plaintiff] is informed and believes, and thereon alleges, that at least since it knew of the [patent-in-suit], Bank of America specifically intended to induce the [patent-in-suit's] Direct Infringers to use the [accused functionality] in a manner that directly infringes at least [one claim of the patent-in-suit] because, among other things, it instructs users on the use of the [accused functionality in the accused product or service] at least through its website at https://bankofamerica.com.
>
> [Plaintiff] is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the [patent-in-suit's] Direct Infringers directly infringed and continue to directly infringe at least [one claim of the patent-in-suit] at least by using the [accused functionality in the accused product or service].
>
> [Plaintiff] is informed and believes, and thereon alleges, that at least since it knew of the [patent-in-suit], Bank of America knew or was willfully blind to knowing that the [patent-in-suit's] Direct Infringers were using the [accused functionality in the accused product or service] that directly infringes at least [one claim of the patent-in-suit] as a result of its inducement of infringement.

Document #33 at ¶¶ 24-26, 35-37, 46-48, 57-585, and 68-70.

> As to their contributory infringement claims, Plaintiffs allege:
>
> [Plaintiff] is informed and believes, and thereon alleges, that the [accused products or services] constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the [patent-in-suit], are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the [accused products or services] are used to [provide the accused functionality].
>
> [Plaintiff] is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the [patent-in-suit], Bank of America knew that the [accused products or services] are especially made or especially adapted for use in infringement of the [patent-in-suit].

Document #33 at ¶¶ 28-29, 39-40, 50-51, 61-62, and 72-73.

---

[1] Plaintiff Intellectual Ventures I owns the '701 Patent, the '382 Patent, and the '137 Patent. Plaintiff Intellectual Ventures II owns the '894 Patent and the '587 Patent.

On September 23, 2013, Defendant filed its "Motion to Dismiss … Claims of Induced and Contributory Infringement."

In their "Brief in Opposition," Plaintiffs oppose dismissal of the claims as to the '701 Patent. Their brief is silent as to the remaining Patents. In the last sentence of their brief, Plaintiffs request leave to amend "[i]n the event that [Defendant]'s motion to dismiss is granted in whole or in part." Document #39 at 9. However, they do not proffer any additional factual allegations, much less facts sufficient to survive dismissal. In its discretion, the Court concludes that allowing Plaintiffs any further opportunity to amend their pleading would be futile. "[A] district court does not abuse its discretion in denying leave to amend if there is … failure to cure deficiencies by amendments previously allowed … [or] futility of amendment." Howard v. Inova Healthcare Servs., 302 F. App'x 166, 181 (4th Cir. 2008) (internal quotations omitted).

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to Plaintiffs' claims for induced and contributory infringement of the '382 Patent, the '137 Patent, the '894 Patent and the '587 Patent.

The remaining issue is Defendant's Motion to Dismiss Plaintiffs' claims for induced and contributory infringement of the '701 Patent. Defendant's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations

3

must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial

4

experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

### B. Claim for Induced Infringement of '701 Patent

In an action for induced infringement, Plaintiffs must allege facts plausibly showing that that the Defendant not only knew of the patent-in-suit, but also knew that the induced actions would constitute infringement. See In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("To survive [a] motion to dismiss [an induced infringement claim] … complaints must contain facts plausibly showing that [the alleged infringer] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement."); see also Commil USA, LLC v. Cisco Sys., Inc., 720 F.3d 1361, 1367 (Fed. Cir. 2013) ("[I]nducement requires both knowledge of the existence of the patent and knowledge that the induced acts constitute patent infringement." (internal quotation marks omitted)).

Plaintiffs have not alleged facts plausibly showing that Defendant intended for its customers to infringe the '701 Patent. The allegation that Defendant advertises the accused products on its website at "https//bankofamerica.com" is insufficient. The Complaint does not identify anything on the website demonstrating Defendant's intent that its customers use the accused products in an infringing manner. See In re Bill of Lading, 681 F.3d at 1339. Knowledge

5

Case 3:13-cv-00358-RJC-DSC   Document 50   Filed 10/30/13   Page 5 of 8

experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

### B. Claim for Induced Infringement of '701 Patent

In an action for induced infringement, Plaintiffs must allege facts plausibly showing that that the Defendant not only knew of the patent-in-suit, but also knew that the induced actions would constitute infringement. See In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("To survive [a] motion to dismiss [an induced infringement claim] … complaints must contain facts plausibly showing that [the alleged infringer] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement."); see also Commil USA, LLC v. Cisco Sys., Inc., 720 F.3d 1361, 1367 (Fed. Cir. 2013) ("[I]nducement requires both knowledge of the existence of the patent and knowledge that the induced acts constitute patent infringement." (internal quotation marks omitted)).

Plaintiffs have not alleged facts plausibly showing that Defendant intended for its customers to infringe the '701 Patent. The allegation that Defendant advertises the accused products on its website at "https//bankofamerica.com" is insufficient. The Complaint does not identify anything on the website demonstrating Defendant's intent that its customers use the accused products in an infringing manner. See In re Bill of Lading, 681 F.3d at 1339. Knowledge

that a product is being used by a customer is not the same as knowledge that the customer is using the product in an infringing manner. See id.; see also Kyocera Wireless Corp. v. Int'l Trade Comm'n, 545 F.3d 1340, 1354 (Fed. Cir. 2008) ("Proof of intent to cause infringing acts is a necessary but not sufficient condition for induced infringement. Inducement additionally requires 'evidence of culpable conduct, directed to encouraging another's infringement,' i.e., specific intent to encourage infringement.")

For those reasons and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that its Motion to Dismiss Plaintiffs' induced infringement claim as to the '701 Patent be granted.

### C. Claim for Contributory Infringement of '701 Patent

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" In re Bill of Lading, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)).

Plaintiffs contend that the elements of contributory infringement of the '701 patent are satisfied "to the extent that the Accused Products or Services are used to obtain Billing Data functionality via dedicated hardware and software components." Document #39 at 6-7. However, Plaintiffs have not alleged how these unidentified "dedicated hardware and software components" infringe the '701 Patent. Plaintiffs also have failed to allege facts plausibly showing that those "dedicated hardware and software components" are "material to practicing the invention" and have "no substantial non-infringing uses." In re Bill of Lading, 681 F.3d at

6

1338 (affirming dismissal of contributory infringement allegations where "they say nothing more than 'if you use this device to perform the patented method, the device will infringe and has no non-infringing uses.'"); Pragmatus Telecom, LLC v. Ford Motor Co., No. 12-cv-92, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) ("The allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts.")

Plaintiffs advance the same arguments on the knowledge element as they did in support of their induced infringement claim. For those same reasons, Plaintiffs have failed to establish the knowledge element of their contributory infringement claim.

For those and the other reasons stated in its briefs, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiffs' contributory infringement claim as to the '701 Patent be <u>granted</u>.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss … Claims of Induced and Contributory Infringement" (document #36) be **GRANTED** and that those claims be **DISMISSED WITH PREJUDICE**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the

7

right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: October 30, 2013

David S. Cayer
United States Magistrate Judge

8