IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Defendant. | CASE NO. 3:13-cv-00358-RJC-DSC |
| BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Counterclaimants,<br><br>v.<br><br>INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC<br><br>Counterdefendants. | |

**PLAINTIFFS' OBJECTIONS TO THE COURT'S MEMORANDUM AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS IV'S CLAIMS OF INDUCED AND CONTRIBUTORY INFRINGEMENT**

Pursuant to 28 U.S.C. 636(b)(1)(c), Intellectual Ventures I LLC and Intellectual Ventures II LLC, collectively ("IV") submit these written objections to the proposed findings of fact and conclusions of law, and the recommendation contained in the Memorandum and Recommendation issued by the Court on October 30, 2013 (Dkt. No. 50) ("M&R") regarding Defendant Bank of America, National Association's ("BANA") Motion to Dismiss IV's Claims of Induced and Contributory Infringement. IV respectfully requests that the M&R be overruled with respect to IV's allegations in its First Amended Complaint ("FAC") of BANA's liability for inducement of infringement and contributory infringement *after* BANA

1

received knowledge from the original complaint of the patents and of the acts which IV alleged induced or contributed to infringement of the patents by others.

## I. ARGUMENT

Allegations in an amended complaint substantively identical to the allegations of knowledge and intent in IV's First Amended Complaint ("FAC"), have been held adequate to allege liability for inducement and contributory infringement *after the defendant received the original complaint* both by the Federal Circuit and by the overwhelming majority of district courts. The M&R gives no reason and provides no reasoning as to why it rejected that overwhelming line of authority. Respectfully, the M&R should be overruled.

As an overarching matter, the M&R erred by finding that the motion to dismiss the FAC was unopposed as to all but the '701 patent. (Dkt. 50 at p. 3.) But the indirect infringement allegations were identical as to all the claims, and IV specifically identified the '701 as "illustrative" because it was the first named patent. Indeed, BANA's own motion to dismiss recognized that the indirect infringement allegations were identical and treated them all together. (Doc 36-1, Defendant's Motion to Dismiss IV's Claims of Induced and Contributory Infringement, at p. 8.) IV adequately opposed BANA's motion to dismiss IV's allegations of induced and contributory infringement as to each count.

### A. Induced Infringement -- Intent.

Respectfully, the M&R just got it wrong under *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012), on the adequacy of IV's allegations of inducement of infringement for BANA's acts after receiving the original complaint. As to induced infringement, the M&R erred by finding that:

2

> Plaintiffs have not alleged facts plausibly showing that Defendant intended for its customers to infringe the '701 patent. The allegation that Defendant advertises the accused products on its website at "https//bankofamerica.com" is insufficient. ***The Complaint does not identify anything on the website demonstrating Defendant's intent that its customers use the accused products in an infringing manner.*** See In re Bill of Lading, *681 F.3d at 1339.* ***Knowledge that a product is being used by a customer is not the same as knowledge that the customer is using the product in an infringing manner.*** See id.; see also Kyocera Wireless Corp. v. Int'l Trade Comm'n, 545 F.3d 1340, 1354 (Fed. Cir. 2008)("Proof of intent to cause infringing acts is a necessary but not sufficient condition for induced infringement. Inducement additionally requires 'evidence of culpable conduct, directed to encouraging another's infringement,' i.e., specific intent to encourage infringement.")

(Dkt. 50 at p. 5-6; emphasis supplied.)

Each of IV's allegations in its amended complaint for induced infringement after BANA received the original complaint meet the pleading requirements of *In re Bill of Lading*. Count 1 of the FAC for infringement of the '701 patent is illustrative (emphasis added):

> 21. Intellectual Ventures I is informed and believes, and thereon alleges, that **at least since it knew of the '701 Patent**, Bank of America has induced and continues to induce others, including at least users of the '701 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 5 of the '701 Patent (the "'701 Direct Infringers").
>
> 21. Intellectual Ventures I is informed and believes, and thereon alleges, that **at least since it knew of the '701 Patent**, Bank of America specifically intended to induce the '701 Direct Infringers to use the Billing Data functionality in a manner that directly infringes at least claim 5 of the '701 Patent because, among other things, it instructs users on the use of the '701 Accused Products or Services to obtain Billing Data functionality at least through its website at https://bankofamerica.com.
>
> 22. Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '701 Direct Infringers directly infringed and continue to directly infringe at least claim 5 of the '701 Patent at least by using the '701 Accused Products or Services to obtain Billing Data functionality.
>
> 23. Intellectual Ventures I is informed and believes, and thereon alleges, that **at least since it knew of the '701 Patent**, Bank of America knew or was willfully blind to knowing that the '701 Direct Infringers were using the '701

>Accused Products or Services to provide and/or use Billing Data functionality that directly infringes at least claim 5 of the '701 Patent as a result of its inducement of infringement.

(IV's Amended Complaint, Dtk. 33, emphasis supplied.) The M&R found these allegations inadequate to allege intent to induce infringement, failing "to draw all reasonable inferences in favor of " IV's inducement and contributory infringement allegations. *In re Bill of Lading,* 681 F.3d at 1339. In particular, the M&R improperly rejected at the pleading stage the plausible inference from the facts alleged in the Amended Complaint that BANA's ***continuation*** of its allegedly inducing and contributorily infringing conduct ***after BANA learned from the original complaint*** of the patents-in-suit and the conduct alleged to induce and contribute to the infringement of the patents-in-suit by others, plausibly suggests an intent to induce and contribute to the infringement of others post-complaint. *In re Bill of Lading* specifically and repeatedly held that an allegation of induced infringement in an amended complaint based on ***knowledge of the patent, and the continuation of conduct the defendant learned from the original complaint is alleged to induce infringement.*** is sufficient to withstand a motion to dismiss.

*In re Bill of Lading* reversed the dismissal of five separate amended complaints alleging indirect infringement claims that had been consolidated in a Multi-District Litigation. Speaking generally of the requirements to allege liability for inducement of infringement, the Federal Circuit held that:

> 'Whoever actively induces infringement of a patent shall be liable as an infringer.' Liability under § 271(b) 'requires knowledge that the induced acts constitute patent infringement.' To survive Appellees' motion to dismiss, therefore, R+L's amended complaints must contain facts plausibly showing that Appellees specifically intended their customers to infringe the '078

4

patent and knew that the customer's acts constituted infringement. *This does not mean, however, that R+L must prove its case at the pleading stage*.

*Id.* at 1340 (citations omitted, emphasis supplied). In discussing the defendants' assertions that the amended complaints did not adequately plead facts that would allow an inference that they intended to induce infringement, the Federal Circuit held:

> Nothing in *Twombly* or its progeny allows a court to choose among competing inferences as long as there are sufficient facts alleged to render the non-movant's asserted inferences plausible. *Watson Carpet*, 648 F.3d at 458 ("Often, defendants' conduct has several plausible explanations. Ferreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage.")

*Id.* R+L alleged in its amended complaint that various marketing materials of the defendants demonstrated that they intended to induce infringement of R+L's patents, at least as to those acts occurring after the defendant received notice of the patent:

> ***R+L's PeopleNet Amended Complaint alleges that, because it became aware of the '078 patent in January of 2009 at the latest, it is reasonable to infer that PeopleNet intends to induce its customers to infringe the '078 patent.*** In support of this allegation, R+L, quoting from publicly available advertising materials distributed by PeopleNet, alleges that PeopleNet [advertises to customers uses of the accused products that infringe the '078 patent].

*Id.* (emphasis supplied). The Federal Circuit rejected the defendants' contentions that this pleading was inadequate to allege intent to induce infringement:

> In response to R+L's argument that it has pled sufficient factual material to state a clam for relief that is plausible on its face, PeopleNet raises the same arguments as DriverTech and ACS. ***Specifically, it argues that the PeopleNet Amended Complaint does not raise facts that establish that it intended its customer to perform every step of the patented method, and that is not reasonable to infer intent to induce form the general statements it made about the benefits of using tis products.*** Qualcomm Br. 38-39. ***For all of reasons discussed above, these arguments fail.***

5

Id. at 1344 (emphasis supplied). Among the "reasons discussed above" were the reasons given for why dismissal of R+L's amended complaint alleging inducement by ACS was improper:

> *R+L alleges that ACS became aware of the '078 patent in November of 2009 when the complaint was filed and that the documents quoted in the ACS Amended Complaint were publicly available after this date. Based on these facts and ACS's involvement in tradeshows where it advertises the benefits and capabilities of its products to the shipping and trucking industry, R+L alleges that it is reasonable to infer that ACS intends to induce its customers to practice the method disclosed in the '078 patent.*
>
> *Live DriverTech, ACS argues that these facts do not give rise to a claim for relief that is plausible on its face.* The district court found that, because ACS's advertising does not expressly mention preparing an "advance loading manifest," – an essential step of the patented method – it cannot intentionally induce its customers to practice the '078 patent. ACS also asserts that he district court correctly concluded that R+L's ultimate inferences are implausible because one cannot deduce an intent to induce infringement on the basis of touting a product's ability to "improve efficient," "provide end-to-end solution[s]," or "increase productivity." ACS Br. 41 (quoting July 15, 2010 Order at 36). *These arguments fail for two reasons.*
>
> First, while ACS and the other Appellees are correct that to prove infringement of a method patent a plaintiff must show that every step of the method is performed in the claimed order, nothing in *Twombly* or *Iqbal* demands this level of factual specificity at the pleading stage. Such a requirement would be dangerously close to requiring a plaintiff to prove he is entitled to relief at the pleading stage. *At this stage of the litigation a plaintiff is only required to plead enough facts to enable a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.*
>
> . . .
>
> . . . . After reviewing the '078 patent and considering the relatively limited ways in which in-cab scanning and transmission of shipping documents could be used for pre-planning and routing of shipments, we conclude *that it is plausible to infer that ACS is intentionally inducing infringement* of the '078 patent. The district court erred when it concluded otherwise.

*Id*. at 1342-43 (emphasis supplied). Thus, intent to induce infringement is adequately pled in an amended complaint by alleging that the defendant ***continued***

6

***its allegedly inducing acts*** after it learned of the patents and the acts alleged to induce infringement from receipt of the original complaint.

As IV pointed out in its opposition to BANA's motion to dismiss, the majority of district courts have held that even an original (not an amended) complaint adequately alleges inducement liability based on the defendant's *presumed* continuation of the acts alleged to induce infringement *after* it receives that pleading (the original complaint). (See IV's Opposition to BANA's Motion to Dismiss, Dkt. 39, at 3-6.) *See, e.g.*, *Aerotis. LLC*, 893 F.Supp.2d at 683-84 *(*citing *Walker Digital, LLC,* 852 F.Supp.2d 559); *see also E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, Civ. No. 11-733, 2012 WL 4511258, *6 (D.Del. Sept. 28, 2012). Where a defendant continues the acts alleged to constitute inducement, "[i]t is reasonable to infer that [defendant's] knowledge and specific intent becomes evident each time it chooses to continue, by renewal or otherwise, a contractual relationship with a customer who directly infringes the [patent]." *Nuance Communications Inc. v. Tellme Networks Inc.*, 707 F.Supp.2d 472, 486 (D.Del. 2010); *accord Trading Technologies International, Inc. v. BCG Partners, Inc.*, 2011 WL 3946581, *4 (N.D. Ill. Sept. 2, 2011).

The few cases decided in the last couple of months, and not cited in IV's opposition to the motion to dismiss, are in accord. *Smartwater Ltd. v. Applied DNA Sciences, Inc.*, 2013 WL 5440599 at *6 (E.D.N.Y. Sept. 27, 2013), held that a motion to amend inducement of infringement allegations had to be granted as non-futile where the proposed amended complaint alleged knowledge and intent to induce based on knowledge of the patents learned from receiving the complaint in a related lawsuit. And *Radware, Ltd. v. A10 Networks, Inc.*, 2013 WL 5373305 at *2 (N.D. Cal Sept. 24, 2013), held that absent allegation of pre-suit knowledge of the

patents, liability for inducement was limited to, but *available for, post-complaint conduct*.

While a minority of district courts have held that an original complaint cannot base liability on post-complaint conduct (presumably because it had not yet happened when the complaint was filed), to IV's knowledge **there has never been a case**, other than the M&R, which holds that an **amended complaint** which alleges that the defendant's **continuation** of the acts alleged to induce infringement **after** it received the original complaint fails adequately to allege inducement liability for those post-original complaint acts. Such a decision would appear precluded by the Federal Circuit's decision in *In re Bill of Lading*.

The M&R also states that "[f]or those reasons and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that its Motion to Dismiss Plaintiffs' induced infringement claim as to the '701 Patent be granted." (M&R, Dkt. 50, at p. 6.) Because the M&R does not specify which reasons "stated in Defendant's briefs" required dismissal, and to avoid burdening this Court with a repetition of the arguments IV made in opposition to BANA's motion to dismiss, IV respectfully refers this Court to IV's Opposition to BANA's Motion to Dismiss, Dkt. 39.

### B.  Induced Infringement -- Infringing Conduct.

Although the Magistrate's explicit holding was, as addressed above, that IV's allegations of BANA's "inten[t] for its customers to infringe" are deficient, some language in the M&R suggests that the Magistrate conflated the concepts of intent and inducing acts. For example, the M&R declared to be "insufficient" the allegation that BANA "advertises the accused products on its website" and observed that the "Complaint does not identify anything on the website demonstrating Defendant's intent that its customers use the accused products in infringing

8

manner." It further quotes *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, to the effect that "[i]nducement additionally requires '*evidence* of culpable conduct, directed to encouraging another's infringement." 545 F.3d 1340, 1354 (Fed. Cir. 2008) (not a Rule 12(b)(6) case, but rather review of an ITC exclusion order entered on findings after full hearing).

This is redolent of BANA's argument that IV failed to allege specifically "what instructions BANA allegedly provides through https://bankofamerica.com that induce infringement," (Op. Br. p. 4), or "to identify how or why the website allegedly instructs users to infringe," (*id.* p. 9). In other words, BANA argues, and the Magistrate appears to have agreed, that Rule 8(a)(2), as construed in *Twombly* and *Iqbal*, requires IV to particularize the statements of instructions to customers inviting infringing conduct.

In this, BANA proposes to eliminate any distinction between Rules 8(a)(2) and 9(b), a result that *Twombly* explicitly rejected: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss ***does not need detailed factual allegations***, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (emphasis supplied, internal citation omitted); *see also id.* at 569 n.14, 127 S.Ct. at 1973 n.14 ("In reaching this conclusion, we do not apply any 'heightened' pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished by the process of amending the Federal Rules, and not by judicial interpretation.") (internal quotes omitted).

IV's allegation that BANA instructed its customers in the use of the infringing services via its website is a fact that makes out inducing conduct, is not conclusory or formulaic, and is not required to be further particularized. *See, e.g., Driessen v. Sony Music Entm't,* 904 F. Supp. 2d 1196, 1204 (D. Utah 2012) (where the plaintiff alleged induced infringement on the theory that Sony "provid[es] the

9

Retailers with the Platinum Music Pass and encourag[es] them to offer and sell it to end-users," court held sufficient to allege the inducing act the allegation that "'[e]ncouragement of the Retailers by Sony was evinced through at least their announcement of the "authorized" Retailers in Sony's 2008 press releases about the launch of the Music Pass products'"), *vacated in part on other grds*, 2013 U.S. Dist. LEXIS 120309 (D. Utah Aug. 22, 2013). To the extent the M&R holds otherwise, it is erroneous.

### C. Contributory Infringement.

As to contributory infringement, the M&R erred by finding that "Plaintiffs advance the same arguments on the knowledge element as they did in support of their induced infringement claim. For those same reasons, Plaintiffs have failed to establish the knowledge element of their contributory infringement claim." (M&R at p. 7.) IV agrees that the knowledge requirement for contributory infringement is identical to the knowledge requirement for inducement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. __, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011), but respectfully asserts that because the knowledge element was adequately pled for IV's inducement claims, it was also adequately pled for IV's contributory infringement claims. And again with respect to contributory infringement, the M&R states that "[f]or those reasons and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that its Motion to Dismiss Plaintiffs' induced infringement claim as to the '701 Patent be granted." (M&R, Dkt. 50, at p. 7.) IV therefore again respectfully refers to IV's arguments made in opposition to BANA's motion to dismiss, Dkt. 39.

The M&R also errs in holding that Plaintiffs were required to "allege facts plausibly showing" that the Accused Products or Services have no substantial non-infringing uses and are not staple articles of commerce. Again, the Magistrate cites

*Bill of Lading*, but there, "the facts alleged demonstrated that the [defendants'] products *do* have substantial non-infringing uses," such that "affirmative allegations of fact in the amended complaints defeated any claim of contributory infringement." 681 F.3d at 1337, at *4 (emphasis in original). The Magistrate's application here of the rule in *Bill of Lading* "effectively heightened the pleading standard for a contributory infringement claim to an essentially impossible level," as recently observed by another court. *Driessen v. Sony Music Entm't,* 2013 U.S. Dist. LEXIS 120309 (D. Utah 2013):

> [The] requirement to plead facts of the non-existence of staples of commerce as components of the infringing instrumentality effectively requir[es] Plaintiffs to plead facts to prove the nonexistent contents of a "null" set. Not only is it logically impossible to describe in detail that which does not exist, a "null set pleading requirement" also is a misinterpretation of Section 271(c).
>
> . . .
>
> The court agrees with Plaintiffs' argument that In Re Bill of Lading does not establish a requirement for plaintiffs to plead a null set under the plausibility standard of Twombly and Iqbal -- that it is impossible to "plead with specificity something that does not exist" and that such an outcome is therefore "illogical."

*Id.* at *4-5, *7 (some internal quotes omitted). These holdings also were erroneous.

### D. Denial of Leave to Amend and Dismissal with Prejudice.

In denying leave to amend and granting dismissal with prejudice, the M&R erred by finding that granting leave to amend would be futile. (M&R at p. 3.) As this is the first IV pleading to be evaluated by the Court, IV having previously amended as of right rather than opposing BANA's motion to dismiss IV's original complaint, IV believes that it is premature to find that any amendment would be futile, and that if this Court accepts the recommendation that IV's indirect infringement claims be dismissed, that IV be given leave to amend. A copy of IV's proposed second amended complaint,

11

is attached hereto as *Exhibit A*.  A redlined version of the text is attached hereto as *Exhibit B*.

### E. IV Request for Oral Argument.

IV respectfully requests oral argument on its objections to the M&R.

## II. **CONCLUSION**

IV respectfully requests that the Court overrule the recommendations in the M&R and deny BANA's motion to dismiss with respect to the allegations of BANA's inducement of infringement and contributory infringement *after* BANA received knowledge of the patents and its allegedly inducing and contributorily infringing acts from the original complaint.  If the Court decides that IV's indirect infringement allegations are inadequate, IV respectfully requests that the Court grant IV leave to amend.  Finally, IV respectfully requests oral argument.

November 18, 2013

Respectfully submitted,

s/J. Daniel Bishop
J. Daniel Bishop (NC Bar No. 17333)
Amy N. Bokor (NC Bar No. 35316
ERWIN, BISHOP, CAPITANO & MOSS, P.A.
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Phone:  (704) 716-1200
Fax:  (704) 716-1201
Email:  dbishop@ebcmlaw.com
Email:  abokor@ebcmlaw.com

Ian N. Feinberg  (Cal. Bar No. 88324)
M. Elizabeth Day (Cal. Bar No. 177125)
Marc C. Belloli (Cal. Bar No. 244290)
(Admitted Pro hac vice)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
Telephone:  (650) 618-4364

Fax:  (650) 618-4368
Email:  ifeinberg@feinday.com   Attorneys for Intellectual Ventures

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2013, I served a copy of the foregoing document on all counsel who have consented to electronic service by filing it electronically and via the Court's CM/ECF system.  I served any other counsel of record not deemed to have consented to electronic service by facsimile on the same date.

        s/J. Daniel Bishop
        J. Daniel Bishop (NC Bar No. 17333)
        Amy N. Bokor (NC Bar No. 35316
        Erwin, Bishop, Capitano & Moss, P.A.
        4521 Sharon Road, Suite 350
        Charlotte, North Carolina 28211
        Phone:  (704) 716-1200
        Fax:  (704) 716-1201
        Email:  dbishop@ebcmlaw.com
        Email:  abokor@ebcmlaw.com