IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC | : | CASE NO. 3:13-cv-358 |
| | : | |
| and | : | |
| | : | |
| INTELLECTUAL VENTURES II LLC | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BANK OF AMERICA, NATIONAL | : | |
| ASSOCIATION, | : | |
| | : | |
| Defendant. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

**Formatted:** Font: No underline, Not Expanded by / Condensed by

**SECOND~~FIRST~~ AMENDED COMPLAINT**

Plaintiffs, Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual

Ventures II LLC ("Intellectual Ventures II"), for their ~~first~~ second amended complaint against

defendant Bank of America, National Association ("Bank of America ~~N.A.~~") seeking damages

and other relief for patent infringement, allege as follows:

**NATURE OF ACTION**

1.      This is an action for patent infringement arising under Title 35 of the

United States Code, seeking monetary damages and other relief against defendant Bank of

America N.A. ("Bank of America" or "Defendant") due to its infringement of Intellectual

Ventures I's rights in U.S. Patent No. 7,664,701 ("the '701 Patent"); United States Patent No. 7,603,382 ("the '382 Patent"); and United States Patent No. 8,083,137 ("the '137 Patent"), and Intellectual Venture II's rights in ~~U.S. Patent No. 6,182,894 ("the '894 Patent") and~~ United States Patent No. 7,260,587 ("the '587 Patent") (collectively the "Patents-in-Suit").

## PARTIES

2.     Plaintiff Intellectual Ventures I is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

3.     Plaintiff Intellectual Ventures II is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

4.     Upon information and belief, Defendant Bank of America N.A. is a National Banking Association with a principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, North Carolina 28255.  Upon information and belief, Defendant Bank of America N.A. is a wholly owned subsidiary of Bank of America Corp.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction because this dispute is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has general personal jurisdiction over Defendant because it has its headquarters and does substantial and continuous business in this judicial district.  This Court has specific jurisdiction over Defendant because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendant has conducted business in this district, has provided services to its customers within this judicial district, and has committed acts of patent infringement within this district giving rise to this action.

## STATEMENT OF FACTS

8.     Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000.  Since its founding, Intellectual Ventures has been deeply involved in the business of invention.  Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions.  A significant aspect of Intellectual Ventures' business is managing the Plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

9.     Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them.  Through this business, Intellectual Ventures enables inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has purchased more than 70,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions.  Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies which continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

10.     Intellectual Ventures also creates inventions.  Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent

3

filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

11.     Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4000 inventors worldwide.

12.     On February 16, 2010, the '701 Patent, titled "Masking Private Billing Data By Assigning Another Billing Data To Use In Commerce With Businesses," was duly and lawfully issued by the PTO. A copy of the '701 Patent is attached as Exhibit A.

13.     On October 13, 2009, the '382 Patent, titled "Advanced Internet Interface Providing User Display Access of Customized Webpages," was duly and lawfully issued by the PTO. A copy of the '382 Patent is attached as Exhibit B.

14.     On February 2, 2001, the '894 Patent, titled "Systems And Methods For Authorizing A Transaction Card," was duly and lawfully issued by the PTO. A copy of the '894 Patent is attached as Exhibit C.

15.14.  On December 27, 2011, the '137 Patent, titled "Administration of Financial Accounts," was duly and lawfully issued by the PTO. A copy of the '137 Patent is attached as Exhibit D.

16.15.  On August 21, 2007, the '587 Patent, titled "Method for Organizing Digital Images," was duly and lawfully issued by the PTO. A copy of the '587 Patent is attached as Exhibit E.

17.16.  Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '701 Patent, the '382 Patent, and the '137 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

4

18. 17.  Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '894 Patent and the '587 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

19. 18.  Bank of America provides online banking services and other systems and services via electronic means including, but not limited to, the website https://bankof america.com.  In connection with these online banking services and other systems and services, Bank of America infringes one or more claims of the '701 Patent, the '382 Patent, the '894 Patent, the '137 Patent and the '587 Patent.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,664,701)**

20. 19.  Intellectual Ventures I realleges paragraphs 1-1820, inclusive, as if fully set forth below.

21. 20.  Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 5 of the '701 Patent by making, using, selling, offering to sell and/or importing products or providing services that mask private billing data by assigning other billing data to use in commerce with businesses ("Billing Data functionality"), including but not limited to its Online Bill Payment system/service (the "'701 Accused Products or Services").

22. 21.  Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '701 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 5; and (b) receipt of the original complaint in this Action.

23. 22.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 Patent, Bank of America has induced and continues to induce

5

others, including at least users of the '701 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 5 of the '701 Patent (the "'701 Direct Infringers").

24.23.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 Patent, Bank of America specifically intended to induce the '701 Direct Infringers to use the Billing Data functionality in a manner that directly infringes at least claim 5 of the '701 Patent because, among other things, it instructs users on the use of the '701 Accused Products or Services to obtain Billing Data functionality at least through its website at https://bankofamerica.com, including at least through the instructions and information provided through Bank of America's site at https://www.bankofamerica.com/onlinebanking/online-bill-pay.go and https://www.bankofamerica.com/privacy/accounts-cards/shopsafe.go and advertising a variety of online banking and bill pay services to its customers and in order to attract potential customers: https://www.bankofamerica.com/onlinebanking/online-banking.go.  (See Exhibit F)

25.24.  Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '701 Direct Infringers directly infringed and continue to directly infringe at least claim 5 of the '701 Patent at least by using the '701 Accused Products or Services to obtain Billing Data functionality.

26.25.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 Patent, Bank of America knew or was willfully blind to knowing that the '701 Direct Infringers were using the '701 Accused Products or Services to obtain Billing Data functionality that directly infringes at least claim 5 of the '701 Patent as a result of its inducement of infringement, at least for the reasons that Bank of America is in control of its website and the functionality that facilitates the Online Bill Payment system/service, including the ShopSafe program and service, and are able to know that its users and customers are using the technology in an infringer manner.

6

27.26.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '701 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 5 of the '701 Patent by selling within the United States the '701 Accused Products or Services.

28.27.  Intellectual Ventures I is informed and believes, and thereon alleges, that the '701 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '701 Patent, are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to obtain Billing Data functionality. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '701 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system ("'701 Direct Infringers").

28.     Intellectual Ventures I is informed and believes that Bank of America provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of the '701 Patent by providing their website and Online Bill Payment system/service, such as the ShopSafe program, for example as discussed on their website (https://www.bankofamerica.com/onlinebanking/online-bill-pay.go and https://www.bankofamerica.com/privacy/accounts-cards/shopsafe.go) (See Exhibit F) in conjunction with the instructions to customers or potential customers to allow them to use these services/system functionalities.

29.     Intellectual Ventures I is informed and believes that Bank of America has knowledge of their infringement of the '701 Patent, at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 5; and (b) receipt of the original complaint in this Action.

7

30.     Intellectual Ventures I is informed and believes, and thereon alleges, that the Accused Products or Services, such as the accused Online Bill Payment system/service, including the ShopSafe program, constitutes a material part of the '701 Patent invention at least because it helps to prevent fraud through the means of associating accounts to mask private billing data.

31.     Intellectual Ventures I is informed and believes that the Accused Products or Services, such as the Online Bill Payment system/service, including the SafeShop program, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the Online Bill Payment system/service that associates accounts to mask billing data are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

29.     Intellectual Ventures I is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '701 Patent, Bank of America knew that the '701 Accused Products or Services are especially made or especially adapted for use in infringement of the '701 Patent.

30.32.  Intellectual Ventures I has suffered damages as a result of Bank of America's infringement of the '701 Patent in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
**(Infringement of U.S. Patent No. 7,603,382)**

31.33.  Intellectual Ventures I realleges paragraphs 1-1820, inclusive, as if fully set forth below.

32.34.  Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '382 Patent by making, using, selling, offering to sell and/or importing products or providing services that include an advanced Internet interface for providing webpages in a manner which is tailored to an individual user

8

Formatted: Space After:  12 pt

("Customizable Webpages"), including but not limited to BankAmeriDeals (the "'382 Accused Products or Services").

33.35.  Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '382 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 1; and (b) receipt of the original complaint in this Action.

34.36.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Bank of America has induced and continues to induce others, including at least users of the '382 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 1 of the '382 Patent (the "'382 Direct Infringers").

35.37.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Bank of America specifically intended to induce the '382 Direct Infringers to use Customizable Webpages in a manner that directly infringes at least claim 1 of the '382 Patent because, among other things, it instructs users on the use of Customized Webpages with the '382 Accused Products or Services at least through its website at https://bankofamerica.com, including at least through Bank of America's sites: http://promotions.bankofamerica.com/BAmDHowTo/#intro and http://promotions.bankofamerica.com/BAmDHowTo/#select_cash_back and advertising the benefits of the '382 Accused Products or Services to its customers and to attract potential customers: http://promotions.bankofamerica.com/deals/.  (Exhibit G).  Bank of America at least intends to provide specifically tailored content to the users based on user information through the BankAmeriDeals system and service.

36.38.  Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '382 Direct Infringers directly infringed and

9

Formatted: Font: Times New Roman, 12 pt
Formatted: Font: Times New Roman, 12 pt
Formatted: Font: 12 pt

continue to directly infringe at least claim 1 of the '382 Patent at least by using Customizable Webpages in the '382 Accused Products or Services to receive specifically tailored content based on user information.

37.39. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Bank of America knew or was willfully blind to knowing that the '382 Direct Infringers were using Customizable Webpages in the '382 Accused Products or Services that directly infringes at least claim 1 of the '382 Patent as a result of its inducement of infringement, at least for the reasons that Bank of America is in control of its website and the functionality that facilitates the Accused Products or Services, including the BankAmeriDeals service and the specifically tailored content and are able to know and monitor its users and customers accessing the website, signing up for specific deals, and using the functionality in an infringing manner.

38.40. Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '382 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 1 of the '382 Patent by selling within the United States the '382 Accused Products or Services.

41. Intellectual Ventures I is informed and believes, and thereon alleges, that the '382 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '382 Patent, are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to provide Customized Webpages. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '382 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system ("'382 Direct Infringers").

42. Intellectual Ventures I is informed and believes that Bank of America provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of the '382 Patent by providing at least their website

Formatted: Space After: 12 pt

10

and BankAmeriDeals system/service and associated functionality that provides specifically tailored content to the user based on the user information.

43. Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '382 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 1; and (b) receipt of the original complaint in this Action.

44. Intellectual Ventures I is informed and believes, and thereon alleges, that the Accused Products or services, such as the BankAmeriDeals system and service, constitute a material part of the '382 invention at least because it provides specifically tailored content to the user based on user information.

39.45. Intellectual Ventures I is informed and believes that the Accused Products or Services, such as the BankAmeriDeals system and service, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the BankAmeriDeals system and service that provides specifically tailored content are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

40. Intellectual Ventures I is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '382 Patent, Bank of America knew that the '382 Accused Products or Services are especially made or especially adapted for use in infringement of the '382 Patent.

41.46. Intellectual Ventures I has suffered damages as a result of Bank of America's infringement of the '382 Patent in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,182,894)**

42.    Intellectual Ventures II realleges paragraphs 1-20, inclusive, as if fully set forth below.

43.    Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '894 Patent by making, using, selling, offering to sell and/or importing products or providing services that authorize a transaction by using an account code and an identification code that have a predetermined logical relationship ("Transaction Authorization functionality"), including but not limited to its BankAmericard Cash Rewards Credit Card products and services (the "'894 Accused Products or Services").

44.    Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '894 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 18; and (b) receipt of the original complaint in this Action.

45.    Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '894 Patent, Bank of America has induced and continues to induce others, including at least users of the '894 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 18 of the '894 Patent (the "'894 Direct Infringers").

46.    Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '894 Patent, Bank of America specifically intended to induce the '894 Direct Infringers to use the Transaction Authorization functionality in a manner that directly infringes at least claim 18 of the '894 Patent because, among other things, it instructs

12

users on the use of the '894 Accused Products or Services to provide the Transaction Authorization functionality at least through its website at https://bankofamerica.com.

47.     Intellectual Ventures II is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '894 Direct Infringers directly infringed and continue to directly infringe at least claim 18 of the '894 Patent at least by using the '894 Accused Products or Services to provide Transaction Authorization functionality.

48.     Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '894 Patent, Bank of America knew or was willfully blind to knowing that the '894 Direct Infringers were using the '894 Accused Products or Services to provide Transaction Authorization functionality that directly infringes at least claim 18 of the '894 Patent as a result of its inducement of infringement.

49.     Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '894 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 18 of the '894 Patent by selling within the United States the '894 Accused Products or Services.

50.     Intellectual Ventures II is informed and believes, and thereon alleges, that the '894 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '894 Patent, are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to provide Transaction Authorization functionality.

51.     Intellectual Ventures II is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '894 Patent, Bank of America knew that the '894 Accused Products or Services are especially made or especially adapted for use in infringement of the '894 Patent.

52.     Intellectual Ventures II has suffered damages as a result of Bank of America's infringement of the '894 Patent in an amount to be proven at trial.

13

**~~FOURTH~~ THIRD CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 8,083,137)**

~~53.~~47.  Intellectual Ventures I realleges paragraphs 1 ~~20~~18, inclusive, as if fully set forth below.

~~54.~~48.  Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 12 of the '137 Patent by making, using, selling, offering to sell and/or importing products or providing services that cause communication of transaction summary data from a database storing transaction categories and spending limits (the "Visa Information Source Select feature"), including but not limited to Bank of America's Visa Credit Card products/services (the "'137 Accused Products or Services").

~~55.~~49.  Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '137 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 12; and (b) receipt of the original complaint in this Action.

~~56.~~50.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 Patent, Bank of America has induced and continues to induce others, including at least users of the '137 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 12 of the '137 Patent (the "'137 Direct Infringers").

~~57.~~51.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 Patent, Bank of America specifically intended to induce the '137 Direct Infringers to use the Visa Information Source Select feature in a manner that directly infringes at least claim 12 of the '137 Patent because, among other things, it recommends the use of the Visa Information Source Select feature of the '137 Accused

14

Products or Services at least through its website at www.totalmerrill.com and through its website at https://bankofamerica.com, including at least through the advertising of the benefits of its Visa credit cards (https://www.bankofamerica.com/credit-cards/products/bankamericard-credit-card.go) and its promotion of its MyPortfolio service (http://infocenter.bankofamerica.com/smallbusiness/ic2/online-banking/my-portfolio/) and the advertising of the benefits of creating and maintaining a budget (http://learn.bankofamerica.com/articles/money-management/building-a-budget.html).  (Exhibit H).

Formatted: Font: Times New Roman, 12 pt
Formatted: Font: Times New Roman, 12 pt
Formatted: Font: Times New Roman, 12 pt
Formatted: Font: 12 pt

58.52.  Intellectual Ventures I is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '137 Direct Infringers directly infringed and continue to directly infringe at least claim 12 of the '137 Patent at least by using the Visa Information Source Select feature of the '137 Accused Products or Services.

59.53.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 Patent, Bank of America knew or was willfully blind to knowing that the '137 Direct Infringers were using the Visa Information Source Select feature of the '137 Accused Products or Services that directly infringes at least claim 12 of the '137 Patent as a result of its inducement of infringement, at least for the reasons that Bank of America is in control of providing credit, credit cards, the MyPortfolio service, and the functionality that facilitates '137 Accused Products and Services such as setting spending budgets and generating alerts and are able to know that its users and customers are using the technology in an infringing manner.

60.54.  Intellectual Ventures I is informed and believes, and thereon alleges, that at least since it knew of the '137 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 12 of the '137 Patent by making, using, selling, or offering for sale within the United States the '137 Accused Products or Services.

55.    Intellectual Ventures I is informed and believes, and thereon alleges, that the '137 Accused Products or Services constitute a material part of the claimed invention, are

15

especially made or especially adapted for use in infringement of the '137 Patent, are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to provide the Visa Information Source Select feature. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '137 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system ("'137 Direct Infringers").

56.     Intellectual Ventures I is informed and believes that Bank of America provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers by providing credit, credit cards, using the Visa Information Select Service service and functionality, the MyPortfolio system/service, and the instructions and ability to use the same.

57.     Intellectual Ventures I is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '137 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 12; and (b) receipt of the original complaint in this Action.

58.     Intellectual Ventures I is informed and believes, and thereon alleges, that the Accused Products or Services, such as the accused Bank of America Visa Credit Card and the MyPortfolio system/service functionality, constitutes a material part of the '137 invention at least because it allows users to set spending budgets and generates alerts.

59.

Intellectual Ventures I is informed and believes that the Accused Products or Services, such as the accused Bank of America Visa Credit Card and the MyPortfolio system/service functionality, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects such as the accused Bank of America Visa Credit Card Visa Information Select Service and the MyPortfolio system/service functionality that

16

allows users to set spending budgets and generate alerts are distinct and separate aspects of the overall programs and are designed to only substantially perform in a manner that infringes.

61.

62.    Intellectual Ventures I is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '137 Patent, Bank of America knew that the '137 Accused Products or Services are especially made or especially adapted for use in infringement of the '137 Patent.

Formatted: Indent: Left: 1", Space After: 12 pt, No bullets or numbering

63.60.  Intellectual Ventures I has suffered damages as a result of Bank of America's infringement of the '137 Patent in an amount to be proven at trial.

**FIFTH FOURTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,260,587)**

64.61.  Intellectual Ventures II realleges paragraphs 1-1820, inclusive, as if fully set forth below.

65.62.  Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '587 Patent by making, using, selling, offering to sell and/or importing products or providing services that automatically organize digitally scanned images in accordance with a predetermined criteria ("Image Organization"), including but not limited to its ATM Banking system/service (the "'587 Accused Products or Services").

66.63.  Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '587 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 18; and (b) receipt of the original complaint in this Action.

67.64.  Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 Patent, Bank of America has induced and continues to induce others, including at least users of the '587 Accused Products or Services in this judicial district and elsewhere in the United States, to infringe at least claim 18 of the '587 Patent (the "'587 Direct Infringers").

68.65.  Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 Patent, Bank of America specifically intended to induce the '587 Direct Infringers to use the Image Organization functionality in a manner that directly infringes at least claim 18 of the '587 Patent because, among other things, it instructs users on the use of the '587 Accused Products or Services on the use of the Image Organization functionality at least through its website at https://bankofamerica.com, including at least through the instructions provided through Bank of America's website: http://infocenter.bankofamerica.com/ic2/atm/transactions/?panel=video, http://webmedia.bankofamerica.com/infocenter/assets/, and http://infocenter.bankofamerica.com/ic2/atm/transactions/depositing-cash-and-checks/, as well as advertising the locations of its ATM machines (http://locators.bankofamerica.com/locator/locator/LocatorAction.do) and the benefits of using its ATM machines (http://newsroom.bankofamerica.com/press-release/consumer-banking/more-2500-bank-america-atms-now-allow-customers-make-deposits-without).  (Exhibit I).

Formatted: Hyperlink, Font: +Body, 11 pt

69.66.  Intellectual Ventures II is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the '587 Direct Infringers directly infringed and continue to directly infringe at least claim 18 of the '587 Patent at least by using the Image Organization functionality in the '587 Accused Products or Services.

70.67.  Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 Patent, Bank of America knew or was willfully blind to knowing that the '587 Direct Infringers were using the Image Organization functionality in the '587 Accused Products or Services that directly infringes at least claim 18 of the '587 Patent as

18

a result of its inducement of infringement, at least for the reasons that Bank of America is in control of its ATM machines, can monitor deposits, and is able to determine whether envelope free deposits are being made such that the technology is being used in an infringing manner.

71. 68. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since it knew of the '587 Patent, Bank of America has contributorily infringed and continues to contributorily infringe at least claim 18 of the '587 Patent by selling within the United States the '587 Accused Products or Services.

69. Intellectual Ventures II is informed and believes, and thereon alleges, that the '587 Accused Products or Services constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the '587 Patent, are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the Accused Products or Services are used to provide the Image Organization functionality.

Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '587 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system ("'587 Direct Infringers").

70. Intellectual Ventures II is informed and believes that Bank of America provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of the '587 Patent by providing ATM machines and the envelope free deposit system/service as well as instructions for using the system/service as discussed on their website (http://infocenter.bankofamerica.com/ic2/atm/transactions/?panel=video, http://webmedia.bankofamerica.com/infocenter/assets/, and http://infocenter.bankofamerica.com/ic2/atm/transactions/depositing-cash-and-checks/). (Exhibit I).

71. Intellectual Ventures II is informed and believes, and thereon alleges, that Bank of America had actual knowledge of the '587 Patent at least by (a) having received written notice from Intellectual Ventures via a letter from counsel for Intellectual Ventures I to Keith

19

Agisim, Chief IP Counsel of Bank of America, that was transmitted by electronic mail as well as by hard copy FEDEX overnight delivery advising Bank of America of its infringement of at least claim 18; and (b) receipt of the original complaint in this Action.

72. Intellectual Ventures II is informed and believes, and thereon alleges, that the Accused Products or Services, such as the accused ATM system/service using the envelop-free deposit functionality, constitutes a material part of the '587 invention at least because it digitally scans and automatically categories, analyzes, and stores images to facilitate the deposit.

72.73. Intellectual Ventures II is informed and believes that the Accused Products or Services, such as the accused ATM system/service using the envelop-free deposit functionality, are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of the ATM system service functionality that allows for envelope free deposits are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes

73. Intellectual Ventures II is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the '587 Patent, Bank of America knew that the '587 Accused Products or Services are especially made or especially adapted for use in infringement of the '587 Patent.

74. Intellectual Ventures II has suffered damages as a result of Bank of America's infringement of the '587 Patent in an amount to be proven at trial.

**WHEREFORE**, the Plaintiffs, Intellectual Ventures I and Intellectual Ventures II, request that judgment be entered in their favor and against the Defendant as follows:

1. On the First Claim for Relief, that Bank of America N.A. has infringed the '701 Patent;

2. On the Second Claim for Relief, that Bank of America N.A. has infringed the '382 Patent;

20

3.     On the Third Claim for Relief, that Bank of America N.A. has infringed the '894 Patent;

4.3.    On the Fourth Third Claim for Relief, that Bank of America N.A. has infringed the '137 Patent;

5.4.    On the Fifth Fourth Claim for Relief, that Bank of America N.A. has infringed the '587 Patent;

6.5.    Intellectual Ventures I be awarded damages adequate to compensate it for Bank of America N.A.'s past infringement and any continuing or future infringement of the '701 Patent, the '382 Patent, and the '137 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures I for Bank of America N.A.'s infringement, an accounting;

7.6.    Intellectual Ventures II be awarded damages adequate to compensate it for Bank of America N.A.'s past infringement and any continuing or future infringement of the '894 Patent and the '587 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures II for Bank of America N.A.'s infringement, an accounting;

8.7.    Awarding Intellectual Ventures I attorneys' fees, costs and expenses incurred in prosecuting this action;

9.8.    Awarding Intellectual Ventures II attorneys' fees, costs and expenses incurred in prosecuting this action; and

10.9.   Awarding Intellectual Ventures I and Intellectual Ventures II such other and further relief as the Court deems just and proper.

November 18, 13                          Respectfully submitted,

                                         s/J. Daniel Bishop
                                         J. Daniel Bishop (NC Bar No. 17333)
                                         Amy N. Bokor (NC Bar No. 35316)
                                         Erwin, Bishop, Capitano & Moss, P.A.
                                         4521 Sharon Road, Suite 350
                                         Charlotte, North Carolina 28211
                                         Phone:  (704) 716-1200
                                         Fax:  (704) 716-1201
                                         Email:  dbishop@ebcmlaw.com
                                         Email:  abokor@ebcmlaw.com

21

s/J. Daniel Bishop for, by permission
Ian N. Feinberg  (Cal. Bar No. 88324)
M. Elizabeth Day (Cal. Bar No. 177125)
Marc C. Belloli (Cal. Bar No. 244290)
(Admitted Pro pro hac vice admission being sought)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
Telephone:  (650) 618-4364
Fax:  (650) 618-4368
Email:  ifeinberg@feinday.com

Attorneys for Intellectual Ventures

22

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

s/J. Daniel Bishop
J. Daniel Bishop (NC Bar No. 17333)
Amy N. Bokor (NC Bar No. 35316
Erwin, Bishop, Capitano & Moss, P.A.
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Phone: (704) 716-1200
Fax: (704) 716-1201
Email: dbishop@ebcmlaw.com
Email: abokor@ebcmlaw.com