## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

INTELLECTUAL VENTURES I LLC

and

INTELLECTUAL VENTURES II LLC

                    Plaintiffs,

    vs.

BANK OF AMERICA, NATIONAL ASSOCIATION

                  Defendant.

Civil Action No.  3:13-cv-00358-RJC

BANK OF AMERICA, NATIONAL ASSOCIATION

                Counterclaimant,

    vs.

INTELLECTUAL VENTURES I LLC

and

INTELLECTUAL VENTURES II LLC

                Counterdefendants.

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE COURT'S MEMORANDUM AND RECOMMENDATION ON MOTION TO DISMISS

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................. 3

        A.      IV Filed Its Amended Complaint In Response To BANA's Motion To
                Dismiss .................................................................................................... 3

        B.      IV's Amended Complaint Failed To Allege Sufficient Facts To Support Its
                Allegations Of Induced And Contributory Infringement ........................ 4

        C.      The Magistrate Judge Correctly Recommends Dismissal Of IV's Induced
                And Contributory Infringement Claims With Prejudice ......................... 6

III.    ARGUMENT ...................................................................................................... 7

        A.      The Court Should Adopt The Recommendation That IV's Induced
                Infringement Claims Be Dismissed ....................................................... 8

        B.      The Court Should Adopt The Recommendation That IV's Contributory
                Infringement Claims Be Dismissed .................................................... 10

        C.      IV's Improper Attempt To Attach A Third Complaint To Its Objections
                Confirms Its Inability To Plead Its Indirect Infringement Claims ...... 13

IV.     CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

C<span>ASES</span>

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................1, 7, 10

*Backus v. Cox,*
    No. 4:13-cv-00881, 2013 WL 5707328 (D.S.C. Oct. 18, 2013)...........................13

*Beck v. City of Durham,*
    129 F. Supp. 2d 844 (M.D.N.C. 2000) .................................................................13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..........................................................................................2, 7

*Boston v. Collection Co. of America,*
    No. 3:12-CV-603, 2013 WL 170401 (W.D.N.C. Jan. 16, 2013)...........................15

*Commil USA, LLC v. Cisco Sys., Inc.,*
    760 F.3d 1361 (Fed. Cir. 2013).............................................................................8

*Grant v. Time Warner Cable,*
    No. 3:13-cv-00051, 2013 WL 1964546 (W.D.N.C. May 10, 2013).......................13

*Hand Held Prods., Inc. v. Amazon.com, Inc.,*
    No. 12-cv-768, 2013 WL 507149 (D. Del. Feb. 6, 2013).....................................10

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012)................................................................2, 8, 9, 10

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.,*
    695 F. Supp. 2d 680 (S.D. Ohio 2010) .................................................................12

*IpVenture Inc. v. Lenovo Grp. Ltd.,*
    No. 11-cv-588, 2013 WL 126276 (D. Del. Jan. 8, 2013) ..................................8, 15

*Jones v. F.C.I. Beckley Med. Staff Employees,*
    *No.* 5:11-cv-00530, 2013 WL 5670858 (S.D. W. Va. Oct. 15, 2013) .................3, 13

*Kyocera Wireless Corp. v. Int'l Trade Comm'n,*
    545 F.3d 1340 (Fed. Cir. 2008)..............................................................................9

*Martin v. Brackett,*
    2012 WL 2501094 (S.D. W. Va. Oct. 15, 2013) ...............................................3, 13

*Miller v. Carolinas Healthcare Sys.*,
    No. 3:12-cv-314, 2013 WL 3148605 (W.D.N.C. June 19, 2013).......................................7, 11

*Mouzon v. Mets*,
    No. 1:13-cv-00818, 2013 WL 5707254 (D.S.C. Oct. 18, 2013)..............................................13

*Orange County Rescue Squad, Inc. v. County of Orange*,
    No. 1:09-CV-244, 2011 WL 976768 (M.D.N.C. Mar. 17, 2011)...........................................14

*Palmetto Pharm. LLC v. AstraZeneca Pharm. LP*,
    No. 2:11-CV-00807, 2012 WL 484907 (D.S.C. Jan. 4, 2012) ................................................7

*Pragmatus AV, LLC v. TangoMe, Inc.*,
    No. 11-cv-1092, 2013 WL 571798 ((D. Del. Feb. 13, 2013) ............................................8, 12

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
    No. 12-cv-92, 2012 WL 2700495 (D. Del. July 5, 2012) .......................................................12

*Ray v. HSBC Bank, N.A.*,
    No. 1:10-CV-175, 2010 WL 5479873 (W.D.N.C. Dec. 9, 2010)......................................3, 15

*Stephenson v. Game Show Network, LLC*,
    No. 12-cv-614, 2013 WL 1226915 (D. Del. Mar. 27, 2013) .................................................12

*Unisone Strategic IP, Inc.* v. *Life Techs. Corp.*,
    No. 3:13-CV-1278, 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013)..........................................9

*Watkins v. Clerk of Superior Court for Gaston Cnty.*,
    No. 3:12-CV-033, 2012 WL 5872751 (W.D.N.C. July 10, 2012)..........................................7

*Wright Mfg. Inc. v. Toro Co.*,
    No. MJG-11-1373, 2011 WL 6211172 (D. Md. Dec. 13, 2011) ........................................8, 10

**RULES**

Federal Rule of Civil Procedure 72(b)(2) .......................................................................................13

## I.      INTRODUCTION

The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Following this precedent, the Magistrate Judge correctly found that IV's Amended Complaint fails to state a claim for induced or contributory infringement of the five asserted patents. The Magistrate Judge also correctly concluded that IV's "failure to proffer any additional factual allegations" after being made aware of the fatal deficiencies in its complaint rendered further amendment "futile." *See* Dkt. 50 ("M&R") at 3-4. Accordingly, Bank of America, N.A. ("BANA") respectfully requests that this Court adopt the Magistrate Judge's recommendation to dismiss IV's unsupported claims of indirect infringement with prejudice.[1]

***First***, as the Magistrate Judge recognized, IV's opposition to BANA's motion to dismiss was "silent" as to four of the five asserted patents. M&R at 3. IV failed to identify factual allegations or make any argument to defend its induced and contributory infringement claims for U.S. Patent Nos. 7,603,382 ("the '382 patent"), 8,083,137 ("the '137 patent"), 6,182,894 ("the '894 patent"), and 7,260,587 ("the '587 patent"). In its Objections, IV once again fails to identify any factual allegations or make any argument with respect to these four patents. Instead, IV argues that its arguments with respect to the '701 patent were somehow sufficient to withstand dismissal of the other four unrelated patents. IV Obj. (Dkt. 52) at 2. This only confirms the inadequacy of IV's pleadings: IV provides the same generic and legally deficient recitation of the elements of induced and contributory infringement for each patent, and offers ***no facts*** to support its separate infringement claims.

---

[1] BANA recognizes that the Magistrate Judge granted BANA's request to stay the case (Dkt. 54), and is filing this response only to complete the record on this motion.

**Second**, IV alleges **no facts** showing that BANA specifically intended to encourage its customers to use the accused products in an infringing manner and therefore induced infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("[The] complaint[] must contain **facts** plausibly showing that [the alleged infringer] **specifically intended** their customers to infringe the [asserted] patent and **knew that the customer's acts constituted infringement**.").[2] IV also fails to identify **any** specific acts performed by BANA that allegedly induce infringement. As the Magistrate Judge correctly concluded, "[t]he allegation that [BANA] advertises the accused products on its website" does not support IV's claim that BANA induced its customers to infringe the asserted patents. M&R at 5.

**Third**, IV's contributory infringement claims fail to plead any **facts** showing: (1) that the accused systems or services constitute a "material part of the claimed inventions," are not "staple articles of commerce," and have "no substantial non-infringing uses"; or (2) that BANA allegedly knew its systems or services were "especially made or especially adapted" to infringe. As the Magistrate Judge found, IV's failure to allege "facts plausibly showing" that the accused products are "material to practicing the invention" and "have no substantial non-infringing uses" is fatal to its contributory infringement allegations. M&R at 6. Indeed, the Supreme Court has stated unequivocally that the mere recitation of the elements of a claim is not enough to survive a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim).

**Fourth**, IV cannot now remedy the defects in its Amended Complaint by attaching a proposed Second Amended Complaint to its objections. IV's opposition to BANA's motion to

---

[2] Emphasis is added herein unless noted otherwise.

dismiss failed to "proffer any additional factual allegations" to show that amendment would not be futile. M&R at 3. IV "cannot use [its] objections to plead new claims or cure the factual defects of [its] existing claims." *Jones v. F.C.I. Beckley Med. Staff Emps.*, No. 5:11-cv-00530, 2013 WL 5670858, at \*17 (S.D. W. Va. Oct. 15, 2013) (quoting *Martin v. Brackett*, 2012 WL 2501094, at \*3 (D.S.C. June 28, 2012), *aff'd*, 485 F. App'x. 634 (4th Cir. 2012)). Moreover, the allegations set forth in IV's proposed Second Amended Complaint are equally deficient and do not allege sufficient facts to support its induced or contributory infringement allegations. IV's improper attempt to submit a Second Amended Complaint only confirms that its prior pleadings fail to satisfy the pleading standards set forth by the Supreme Court in *Iqbal* and *Twombly*.

Accordingly, the Court should adopt the Magistrate Judge's recommendation that IV's induced and contributory infringement claims be dismissed with prejudice. *See Ray v. HSBC Bank, N.A.*, No. 1:10-CV-175, 2010 WL 5479873, at \*8 (W.D.N.C. Dec. 9, 2010), *adopted by* 2011 WL 9190 (W.D.N.C. Jan. 3, 2011) (recommending dismissal of plaintiff's amended complaint with prejudice "inasmuch as the Amended Complaint added and clarified nothing").

## II. FACTUAL BACKGROUND

### A. IV Filed Its Amended Complaint In Response To BANA's Motion To Dismiss

IV filed its original complaint against BANA and Bank of America Corporation ("BAC") on June 12, 2013. *See* Dkt. 1 (Compl.). IV's induced and contributory infringement allegations in its original complaint were nearly word-for-word identical to similar allegations by IV against multiple other defendants in different patent cases. *Compare, e.g.*, Dkt. 1 (Compl. ¶¶ 23, 24), *with* Dkt. 36-3 (IV Complaint against PNC ¶¶ 22, 23), *and* Dkt. 36-4 (IV Complaint against Capital One ¶¶ 24, 25).

On August 19, 2013, BANA and BAC moved to dismiss IV's claims of induced and contributory infringement.[3]  *See* Dkt. 24.  Rather than opposing that motion, IV filed an amended complaint against BANA on September 5, 2013, alleging induced and contributory infringement of the same five patents asserted in the original complaint.  *See* Dkt. 33 (Am. Compl. ¶ 19).  The Amended Complaint purported to add support for IV's allegations of induced and contributory patent infringement, but failed to provide any substantive factual support for the cut-and-paste allegations set forth in the original complaint.  *See, e.g.*, Dkt. 33 (Am. Compl. ¶¶ 24, 26, 28).

**B.**     **IV's Amended Complaint Failed To Allege Sufficient Facts To Support Its Allegations Of Induced And Contributory Infringement**

Like the allegations in its original complaint, IV's amended inducement allegations were completely devoid of any factual support, consisting in their entirety of three sentences of boilerplate language parroting the elements of inducement:

> [IV] is informed and believes, and thereon alleges, that at least since it knew of the [patent-in-suit], Bank of America specifically intended to induce the [patent-in-suit's] Direct Infringers to use the [accused  functionality] in a manner that directly infringes at least [one claim of the patent-in-suit] because, among other things, it instructs users on the use of the [accused functionality in the accused product or service] at least through its website at https://bankofamerica.com.

> [IV] is informed and believes, and thereon alleges, that as a result of Bank of America's inducement, the [patent-in-suit's] Direct Infringers directly infringed and continue to directly infringe at least [one claim of the patent-in-suit] at least by using the [accused functionality in the accused product or service].

> [IV] is informed and believes, and thereon alleges, that at least since it knew of the [patent-in-suit], Bank of America knew or was willfully blind to knowing that the [patent-in-suit's] Direct Infringers were using the [accused functionality in the accused product or service] that directly infringes at least [one claim of the patent-in-suit] as a result of its inducement of infringement.

---

[3] BANA and BAC's motion to dismiss also indicated that the parties had reached an agreement that BAC was not a proper defendant in the action because it was merely a holding company and did not conduct any banking business.  Dkt. 24-1 at 1.  On August 28, 2013, IV stipulated to the dismissal of BAC as a defendant, and IV's case against BAC was terminated on August 29, 2013.  Dkt. 32.

Dkt. 33 (Am. Compl. ¶¶ 24-26, 35-37, 46-48, 57-58[4], 68-70).

Similarly, IV's nominal amendments to its contributory infringement allegations—consisting entirely of conclusory statements that the accused products or services "constitute a material part of the claimed invention" and have "no substantial non-infringing use"—did nothing to cure the deficiencies in IV's allegations of contributory infringement. These allegations consisted entirely of the following two sentences that, again, merely parroted the requirements for contributory infringement:

> [IV] is informed and believes, and thereon alleges, that the [accused products or services] constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the [patent-in-suit], are not staple articles of commerce, and have no substantial non-infringing use at least to the extent that the [accused products or services] are used to [provide the accused functionality].

> [IV] is informed and believes, and thereon alleges, that at least for the foregoing reasons at least since it knew of the [patent-in-suit], Bank of America knew that the [accused products or services] are especially made or especially adapted for use in infringement of the [patent-in-suit].

Dkt. 33 (Am. Compl. ¶¶ 28-29, 39-40, 50-51, 61-62, 72-73).

On September 23, 2013, BANA moved again to dismiss all claims of induced and contributory infringement alleged in IV's Amended Complaint. *See* Dkt. 36. In its opposition to BANA's motion to dismiss, IV did not even attempt to identify factual allegations supporting its induced and contributory infringement allegations for four of the five asserted patents: the '382, '137, '894, and '587 patents. *See* Dkt. 39 at 6-7. Moreover, although IV requested leave to amend should BANA's motion be granted, it failed to identify a ***single fact*** that it would have pled to overcome dismissal. *See* Dkt. 39 at 8.

---

[4] IV's induced infringement allegations with respect to the '137 patent are slightly different in that IV alleges that BANA "***recommends the use*** of the Visa Information Source Select feature of the '137 Accused Products or Services at least through its website at ***www.totalmerrill.com***." Dkt. 33 (Am. Compl. ¶ 57).

**C.** **The Magistrate Judge Correctly Recommends Dismissal Of IV's Induced And Contributory Infringement Claims With Prejudice**

BANA's motion to dismiss was referred to Magistrate Judge Cayer pursuant to 28 U.S.C. § 636(b)(1). Recognizing that IV's opposition brief was "silent" as to all patents except the '701 patent, the Magistrate Judge recommended that BANA's motion to dismiss be granted as to IV's claims of induced and contributory infringement of the '382, '137, '894, and '587 patents. M&R at 3.

As to IV's claims of induced infringement of the '701 patent, the Magistrate Judge found that IV had "not alleged facts plausibly showing that [BANA] intended for its customers to infringe the '701 Patent." *Id.* at 5. In particular, the Magistrate Judge found that IV's Amended Complaint "does not identify anything on [Bank of America's] website demonstrating [BANA's] intent that its customers use the accused products in an infringing manner." *Id.* Regarding IV's claims of contributory infringement of the '701 patent, the Magistrate Judge concluded that IV's Amended Complaint failed to allege facts showing that the accused products are "material to practicing the invention" and have "no substantial non-infringing uses." *Id.* at 6. Thus, the Magistrate Judge recommended that BANA's motion to dismiss IV's induced and contributory infringement allegations as to the '701 patent be granted. *Id.* at 6-7.

Furthermore, in response to IV's request for leave to amend, the Magistrate Judge found that IV failed to "proffer *any additional factual allegations*, much less facts sufficient to survive dismissal," and thus "any further opportunity to amend their pleading would be futile." *Id.* at 3. The Magistrate Judge recommended that all of IV's claims of induced and contributory infringement be dismissed *with prejudice*. *Id.* at 7.

## III.    ARGUMENT

To state a claim, a plaintiff must allege and provide ***factual support for each element*** of its asserted claims.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 557 (2007) (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim); *see also Miller v. Carolinas Healthcare Sys.*, No. 3:12-cv-314, 2013 WL 3148605, at \*4 (W.D.N.C. June 19, 2013) ("Dismissal of a complaint for failure to state facts supporting each element of a claim is, of course, proper." (quoting *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

The Supreme Court has explained that the purpose of this pleading standard is two-fold: (1) to show that the plaintiff has some basis for its allegations; and (2) to put the defendant on notice of what facts and actions are at issue in the case so that it has a fair opportunity to defend itself.  *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555 (the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").  If a complaint "contains only conclusory statements" of wrongdoing, with "no facts alleged that create the 'reasonable inference that defendant is liable for the misconduct alleged,'" the claim must be dismissed.  *Watkins v. Clerk of Superior Court for Gaston Cnty.*, No. 3:12-CV-033, 2012 WL 5872751, at \*7 (W.D.N.C. July 10, 2012) (quoting *Iqbal*, 556 U.S. at 678), *adopted by* 2012 WL 5872750 (W.D.N.C. Nov. 20, 2012).

Applying the *Iqbal* and *Twombly* standard, courts have routinely dismissed induced and contributory infringement claims where the allegations in the complaint—like IV's allegations here—are devoid of factual support.  *See, e.g.*, *Palmetto Pharm. LLC v. AstraZeneca Pharm. LP*, No. 2:11-CV-00807, 2012 WL 484907, at \*7 (D.S.C. Jan. 4, 2012), *adopted by* 2012 WL 484848 (D.S.C. Feb. 14, 2012) ("Plaintiff has failed to state a plausible claim for relief based on

contributory infringement."); *Wright Mfg. Inc. v. Toro Co.*, No. MJG-11-1373, 2011 WL 6211172, at *4 (D. Md. Dec. 13, 2011) (dismissing claims of induced and contributory infringement); *see also, e.g.*, *Pragmatus AV, LLC v. TangoMe, Inc.*, No. 11-cv-1092, 2013 WL 571798, at *12-13 (D. Del. Feb. 13, 2013) (same).  Because IV has failed to allege any facts in support of its induced or contributory infringement allegations, BANA respectfully submits that the Court should adopt the Magistrate Judge's recommendation that IV's claims of induced and contributory infringement be dismissed with prejudice.  *See IpVenture Inc. v. Lenovo Grp. Ltd.*, No. 11-cv-588, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) (dismissing amended induced and contributory infringement claims with prejudice).

> **A.     The Court Should Adopt The Recommendation That IV's Induced Infringement Claims Be Dismissed**

A plaintiff alleging induced infringement must specifically allege facts to support its contention that the defendant not only knew of the patent-in-suit, but also ***knew that the induced actions would constitute infringement*** and ***specifically intended*** to encourage another's infringement.  *See In re Bill of Lading*, 681 F.3d at 1339 ("To survive [a] motion to dismiss [an induced infringement claim], . . . complaints must contain facts plausibly showing that [the alleged infringer] *specifically intended* their customers to infringe the [asserted] patent and *knew that the customer's acts constituted infringement*."); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367 (Fed. Cir. 2013) ("[I]nducement requires *both* knowledge of the existence of the patent and 'knowledge that the induced acts constitute patent infringement.'" (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011))).

The Magistrate Judge correctly found that IV failed to "allege[] facts plausibly showing that [BANA] intended for its customers to infringe the '701 Patent."  M&R at 5.  As the Magistrate Judge noted, IV's Amended Complaint fails to identify "***anything*** on the website

demonstrating [BANA's] intent that its customers use the accused products in an infringing manner." M&R at 5; *see also* Dkt. 33 (Amended Compl. ¶¶ 24-26, 35-37, 46-48, 57-58, 68-70). IV's allegations do not show how or why the website allegedly instructs users to infringe or that BANA had the required ***affirmative intent*** to cause direct infringement. All that IV's allegations show is the entirely unremarkable fact that BANA advertises its products to customers. But knowledge that a product is being used by a customer does not amount to intent that the customer use the product in an infringing manner. *See Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) ("Proof of intent to cause infringing acts is a necessary but not sufficient condition for induced infringement. Inducement additionally requires 'evidence of culpable conduct, directed to encouraging another's infringement,' i.e., specific intent to encourage infringement."); *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 3:13-CV-1278, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013) ("Plaintiff does not allege facts showing Defendant took affirmative steps to induce others to infringe. . . . Plaintiff must allege 'more than just an intent to cause the acts that produce direct infringement.' . . . Plaintiff's allegations are conclusory and not sufficient to plausibly infer that Defendant had the specific intent to induce others to infringe.").[5]

   *In re Bill of Lading*—cited by IV—is not to the contrary. The inducement allegations found sufficient in that case recited ***specific statements*** by the defendants encouraging use of the allegedly infringing products in an infringing manner. *See, e.g.*, *In re Bill of Lading*, 681 F.3d at

---

[5] IV's failure to identify factual allegations in support of its induced and contributory infringement allegations for the '382, '137, '894, and '587 patents alone warrants dismissal as to those claims. *See* M&R at 3. However, because—as IV concedes (IV Obj. at 2)—the allegations with respect to the '701 patent are "identical" to the allegations for the other asserted patents, the Magistrate Judge's analysis and conclusions with respect to the '701 patent apply equally to IV's claims of inducement and contributory infringement with respect to the other four patents as well.

1341-46 ("In support of this allegation, . . . R+L quotes DriverTech's statement that its mobile computer products allow customers 'to perform in-cab scanning of critical proof of delivery (POD) and other driver documents' and to transmit these documents wirelessly."). In stark contrast to *In re Bill of Lading*, IV's allegation that BANA advertises its products on its website utterly fails to show that BANA intended to induce its customers to use the accused products in an infringing manner. *See, e.g.*, Dkt. 33 (Am. Compl. ¶ 24).

IV's barebones allegations are thus plainly insufficient to state a claim of induced infringement. *See Iqbal*, 556 U.S. at 683 (dismissing complaint that "does not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind"); *Wright Mfg.*, 2011 WL 6211172, at *3 (*Iqbal* and *Twombly* "require[] the plaintiff to include ***factual allegations*** sufficient to create a plausible claim of intent and knowledge").

**B.    The Court Should Adopt The Recommendation That IV's Contributory Infringement Claims Be Dismissed**

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). Thus, "[t]o state a claim for contributory infringement . . . a plaintiff must, among other things, plead ***facts*** that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.* Moreover, a plaintiff must plead facts to show that the defendant ***knew*** that the product it offered was "especially made or especially adapted" for infringement. *See Hand Held Prods., Inc. v. Amazon.com, Inc.*, No. 12-cv-768, 2013 WL 507149, at *3 (D. Del. Feb. 6, 2013) ("A plaintiff,

therefore, must aver an alleged infringer . . . knew of the patented invention [and] knew the part was made for, or adapted to use, in a patented invention.").

The Magistrate Judge correctly found that IV's Amended Complaint "failed to allege facts plausibly showing that [the accused products] are 'material to practicing the invention' and have 'no substantial non-infringing uses." M&R at 6. IV does not dispute that it has failed to assert a single fact to support its blanket contention that the accused systems and services "constitute a material part of the claimed invention, are especially made or especially adapted for use in infringement of the [patent-in-suit], are not staple articles of commerce, and have no substantial non-infringing use." *See, e.g.*, Dkt. 33 (Am. Compl. ¶ 28). Rather, IV contends that, by requiring IV to allege facts in support of its contributory infringement allegations, the Magistrate Judge has "heightened the pleading standard for a contributory infringement claim to an essentially impossible level." IV Obj. at 11.

IV is right that it cannot meet the standard. Its argument that the Magistrate applied the wrong standard is directly contrary to the Supreme Court's and this Court's precedent that the mere recital of the elements of a cause of action are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Miller*, 2013 WL 3148605, at *4 ("Dismissal of a complaint for failure to state facts supporting each element of a claim is, of course, proper." (quoting *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). IV's failure to allege how the accused products and services are a material part of the claimed inventions or what specific characteristics of the accused products and services render them especially made or especially adapted for infringement and unsuitable for substantial non-infringing use is fatal to its contributory infringement allegations. *See Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-

cv-92, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) ("The allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts.").

Nor does IV's Amended Complaint plead any facts to support the allegation that BANA **knew** that a component it supplied was "especially made or especially adapted" for infringement. *See, e.g.*, Dkt. 33 (Am. Compl. ¶ 28); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 688 (S.D. Ohio 2010) (dismissing contributory infringement claim where plaintiff failed to allege facts showing that defendant "knew its product was especially designed for use to infringe"); *see also Stephenson v. Game Show Network, LLC*, No. 12-cv-614, 2013 WL 1226915, at *7 (D. Del. Mar. 27, 2013) (same). This is not surprising given that IV itself is unable to identify which aspect of each accused product or service is allegedly especially made or adapted to infringe. *See TangoMe, Inc.*, 2013 WL 571798, at *13 ("The mere allegation that [the accused] services and products may be used to infringe is not sufficient to allow a reasonable inference that, *inter alia*, these services and products have *no* substantial noninfringing uses." (emphasis in original)). IV instead relies entirely on the arguments it made for the knowledge element of induced infringement. *See* IV Obj. at 10 ("[B]ecause the knowledge element was adequately pled for IV's inducement claims, it was also adequately pled for IV's contributory infringement claims."). Thus, for the same reasons set forth above regarding IV's deficient inducement arguments, IV has also failed to allege facts to support the knowledge element of contributory infringement.

Accordingly, the Court should adopt the Magistrate Judge's recommendation that IV's contributory infringement claims be dismissed. *See Pragmatus Telecom*, 2012 WL 2700495, at *1 ("The allegations about the infringing systems 'constitut[ing] a material part of the claimed

-12-

inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts.").

### C.   IV's Improper Attempt To Attach A Third Complaint To Its Objections Confirms Its Inability To Plead Its Indirect Infringement Claims

This Court should reject IV's improper attempt to circumvent the Magistrate Judge's decision by attaching a Second Amended Complaint to its objections.  *See* IV Obj. at 11-12.  It is well established that a plaintiff "cannot use his objections to plead new claims or cure the factual defects of his existing claims."  *Jones*, 2013 WL 5670858, at *17  (citing 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same)); *see also Mouzon v. Metts*, No. 1:13-cv-00818, 2013 WL 5707254, at *2 (D.S.C. Oct. 18, 2013) (same); *Backus v. Cox*, No. 4:13-cv-00881, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) (same); *Martin*, 2012 WL 2501094, at *3 (same); *Grant v. Time Warner Cable*, No. 3:13-cv-00051, 2013 WL 1964546, at *1 (W.D.N.C. May 10, 2013) ("Factual contentions raised for the first time in an objection to an M & R are not properly considered."); *Beck v. City of Durham*, 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000) ("Plaintiff cannot attempt to create claims for retaliation and constructive discharge in his response to Defendants' Motions to Dismiss.").

In any event, IV's proposed Second Amended Complaint would not cure the deficiencies in its first two attempts to plead indirect infringement.  Indeed, IV ***does not even attempt*** to show that it would.  Although IV's Second Amended Complaint purports to add further factual allegations by citing to and attaching additional BANA webpages, IV's amended allegations again do nothing more than demonstrate that BANA advertises its products to customers.[6]  *See, e.g.*, Dkt. 52-1 (Second Am. Compl. ¶ 23, 37, 51, 65).  For example, with respect to the '382

---

[6] IV's proposed Second Amended Complaint eliminates all allegations (direct, induced, and contributory infringement) with respect to the '894 patent.

patent, IV cites to three additional webpages that purport to show that BANA "intends to provide specifically tailored content to the users based on user information." Dkt. 52-1 (Second Am. Compl. ¶ 37). However, nothing on the cited websites ***even suggests*** that BankAmeriDeals provides tailored content to users based on user information, let alone that BANA encourages such use. *See* Dkt. 52-3 (Second Am. Compl. Ex. G). Similarly, the Second Amended Complaint provides only conclusory allegations that the accused products or services are "not staple articles of commerce," and "have no substantial non-infringing uses." *See* Dkt. 52-1 (Second Am. Compl. ¶¶ 31, 45, 55, 73). These allegations are undermined by the very webpages that IV cites, which illustrate that the accused products have multiple uses unrelated to the accused functionalities. *See, e.g.*, Dkt. 52-2 (Second Am. Compl. Ex. F) (advertising the use of Online Banking to manage accounts, including checking "balance and account activity"); Dkt. 52-3 (Second Am. Compl. Ex. G) (describing the use of BankAmeriDeals to provide cash back to users); Dkt. 52-3 (Second Am. Compl. Ex. H) (advertising general benefits of Visa Credit Cards, none of which include the Visa Information Source Select feature); Dkt. 52-3 (Second Am. Compl. Ex. I) (demonstrating the use of ATMs to deposit cash). Thus, the induced and contributory infringement allegations in IV's proposed Second Amended Complaint are equally insufficient to withstand dismissal.

IV has thus failed to provide argument or explanation for why further amendment of its indirect infringement claims would not be futile. Its claims should therefore be dismissed with prejudice. *See Orange Cnty. Rescue Squad, Inc. v. Cnty. of Orange*, No. 1:09-CV-244, 2011 WL 976768, at *7 n.7 (M.D.N.C. Mar. 17, 2011) ("Because this court concludes that the proposed Second Amended Complaint does not cure the defects of the First Amended Complaint, this court is not persuaded to grant Plaintiffs' Motion for Leave to File Amended Complaint."); *see*

*also Boston v. Collection Co. of Am.*, No. 3:12-CV-603, 2013 WL 170401, at *3 (W.D.N.C. Jan. 16, 2013), *aff'd*, No. 13-1225, 2013 WL 4056206 (4th Cir. Aug. 13, 2013) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002))).

## IV. CONCLUSION

IV has three times failed to plead sufficient facts to support its claims that BANA induced or contributed to infringement of any of the asserted patents. IV's repeated failures to sufficiently plead indirect infringement confirms that it cannot do so. *See IpVenture*, 2013 WL 126276, at *3 (dismissing induced and contributory infringement claims with prejudice where plaintiff's failure to substantively amend its allegations showed that the plaintiff could not "satisfactorily amend its Complaint"); *Ray*, 2010 WL 5479873, at *8 (recommending dismissal of plaintiff's amended complaint with prejudice "inasmuch as the Amended Complaint added and clarified nothing"). BANA therefore respectfully requests that the Court adopt the Magistrate Judge's M&R and dismiss IV's induced and contributory infringement claims with prejudice.[7]

---

[7] Although BANA does not believe that oral argument is necessary to address the issues before the Court, BANA has no objection to oral argument if the Court so requires.

Dated December 5, 2013          By:   */s/ Nina S. Tallon*
                                      Amanda L. Groves
                                      agroves@winston.com
                                      Stacie C. Knight
                                      sknight@winston.com
                                      WINSTON & STRAWN LLP
                                      100 N. Tryon Street, Suite 2900
                                      Charlotte, NC 28202
                                      (704) 350-7700

                                      William F. Lee, *pro hac vice*
                                      william.lee@wilmerhale.com
                                      Michael J. Summersgill, *pro hac vice*
                                      michael.summersgill@wilmerhale.com
                                      Donald R. Steinberg, *pro hac vice*
                                      donald.steinberg@wilmerhale.com
                                      WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
                                      60 State Street
                                      Boston, MA 02109
                                      (617) 526-6000

                                      Nina S. Tallon, *pro hac vice*
                                      nina.tallon@wilmerhale.com
                                      WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
                                      1875 Pennsylvania Avenue NW
                                      Washington, DC 20006
                                      (202) 663-6000

                                      Arthur W. Coviello, *pro hac vice*
                                      arthur.coviello@wilmerhale.com
                                      WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
                                      950 Page Mill Road
                                      Palo Alto, CA 94304
                                      (650) 858-6000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically on December 5, 2013.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Pursuant to Fed. R. Civ. P. 5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile on this same date.


 */s/ Nina S. Tallon*
Nina S. Tallon