**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-358-RJC-DSC**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BANK OF AMERICA, CORPORATION, AND | ) | |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the following documents:

1.  Motion to Dismiss for Failure to State a Claim of Induced or Contributory Infringement

    by Bank of America, National Association (Doc. 36) and Supporting Memorandum,

    (Docs. 36: 1-5);

2.  Plaintiffs' Response in Opposition to  Motion to Dismiss, (Doc. 39);

3.  The Magistrate Judge's October 30, 2013 Memorandum and Recommendation (M&R),

    (Doc. 50), recommending the grant of the Motion to Dismiss;

4.  Plaintiff's Objections to the M&R, (Doc. 52); and

5.  Defendants' Response to Objections to the M&R, (Doc. 55).

The filings from both parties have been thoroughly reviewed and the Motion is now ripe for

the Court's consideration.

## I.      BACKGROUND

The Magistrate Judge issued an M&R on October 30, 2013, recommending that the Court

grant Defendants' Motion to Dismiss.  (Doc. 50).  The Magistrate Judge recommended that

Defendants' Motion to Dismiss be granted as to Plaintiffs' claims for induced and contributory infringement of the '382 Patent, the '137 Patent, and the '587 Patent. He found, in reference to Plaintiffs' claim for induced infringement of the '701 Patent, that they did not allege facts plausibly showing that Defendants intended for its customers to infringe the '701 Patent. Additionally, Plaintiffs did not identify anything on Bank of America's website demonstrating Defendants' intent that its customers use the accused products in an infringing manner.

Moreover, the Magistrate Judge found, in reference to Plaintiffs' claim for contributory infringement of the '701 patent, that the complaint failed to allege facts plausibly showing that the components used by Defendants were material to using the invention and had no substantial non-infringing uses. Accordingly, the Magistrate Judge recommended that Defendants' Motion to Dismiss Plaintiffs' induced and contributory infringement claims as to the '701 patent be granted. Id.

Plaintiffs lodged three objections to the Magistrate Judge's M&R. (Doc. 52). First, they object to the Magistrate Judge's finding that Plaintiffs have not alleged facts plausibly showing that Defendants intended for its customers to infringe the '701 patent. Second, Plaintiffs contend that the Magistrate Judge erred in finding that, by merely referencing the facts related to induced infringement, Plaintiffs did not appropriately demonstrate the knowledge element of contributory infringement. The Magistrate Judge found that Plaintiffs were required to make an independent showing of knowledge for each claim, and relying on the same evidence in establishing the knowledge element for contributory infringement, as they did to demonstrate induced infringement is insufficient. Third, they object to the Magistrate Judge's finding that Plaintiffs were required to allege facts plausibly showing that the accused products or services had no

substantial non-infringing uses, and were not stable articles of commerce. This, Plaintiffs contend, has the effect of heightening the pleading standard to an impossible level for a contributory infringement claim. Id.

The Court reviews Plaintiff's objections de novo.

## II.   STANDARD OF REVIEW

### A.      Memorandum and Recommendation

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III.   DISCUSSION

### A. Facts Alleging Induced Infringement

To state a claim, Iqbal and Twombly provide that a plaintiff must allege and provide factual support for each element of its asserted claims. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Recitals of the elements of a

cause of action, supported by conclusory statements, are not sufficient to state a plausible claim for relief. Twombly, 550 U.S. at 557; Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002). The Supreme Court explained that the pleading standard should, at a minimum, accomplish two goals: (1) provide a solid basis for the plaintiff's allegations; and, (2) put the defendant on notice, effectively allowing them a fair opportunity to defend themselves. See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.

The Court agrees with the Magistrate Judge's finding that the Plaintiffs' complaint was devoid of any factual support for their claim for induced infringement of the '701 Patent. To survive a motion to dismiss for an induced infringement claim, Plaintiffs' complaint should have alleged facts that plausibly demonstrated that Defendants not only *intended* their customers to infringe the asserted patent, but also *knew* that the customers' acts constituted infringement. Instead, Plaintiffs merely argued that Defendants advertised the accused products on its website. This argument fails to mention any facts that demonstrate that Defendants specifically intended for their customers to infringe the asserted patent. Additionally, it does not point to specific components on the website establishing that Defendants knew that its customers used the accused products in an infringing manner.

B.  Knowledge Element of Contributory Infringement

The Court additionally agrees with the Magistrate Judge's finding that the knowledge element for contributory infringement was improperly established. Plaintiffs argued that because the knowledge element was adequately pled for their inducement claim, it was also adequately pled for their contributory infringement claim. Instead of using new evidence to establish the knowledge element for contributory infringement, Plaintiffs relied entirely on the

4

facts related to induced infringement.  This is insufficient due to the fact that the knowledge element in contributory infringement requires a showing that defendant knew that the product offered was especially made or especially adapted for infringement.  On the other hand, induced infringement requires a showing that defendant intended for its customers to infringe the patent in question.  Therefore, although both claims involve a similar element, there should be an independent showing of knowledge for each claim.

C.  Pleading Standard for Contributory Infringement

Lastly, the Court agrees with the pleading standard set out by the Magistrate Judge to make a claim for contributory infringement.  The Magistrate Judge contends that the Plaintiffs are required to allege facts plausibly showing the accused products were material to practicing the invention and have no substantial non-infringing uses.  Plaintiffs argue that, by requiring this, the Magistrate Judge heightened the pleading standard to an "essentially impossible level." (Doc. 55 at 11).   However, if Plaintiffs were allowed to assert a claim by simply stating legal conclusions, without supporting facts to support their argument, this would be in direct contrast to the Supreme Court's aim in putting the defendant on notice.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendations (Doc. 50), and **GRANTS** Defendants' Motion to Dismiss (Doc. 36).

IV.   **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1.       Defendant's Motion to Dismiss, (Doc. 36), is **GRANTED**; and

2.       The Clerk of Court is directed to close this case.

5

Robert J. Conrad, Jr.
United States District Judge

6